LIFE TECHNOLOGIES, INC.,
Appellant,

v.

GIBBCO SCIENTIFIC, INC., Appellee.

No. 86–5270.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1987.

Decided Aug. 19, 1987.

Patrick R. Roche, Cleveland, Ohio, for appellant.

Robert W. Gutenkauf, Minneapolis, Minn., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

The sole issue in this appeal is whether the district court[1] erred in finding no likelihood of confusion in this trademark infringement case. For the reasons stated below we believe that the court did not err and consequently, we affirm.

## I. BACKGROUND

Plaintiff, Life Technologies, Inc., is the result of a merger between the former plaintiff, Gibco Corporation, and Bethesda Research Laboratories. Life Technologies manufactures and packages material bearing the registered name "Gibco" for use in the field of micro-biological and tissue culture media supply.

Defendant, Gibbco Scientific, Inc., does not manufacture its own products, but represents manufacturers of hospital laboratory instruments. It sells blood chemistry analyzers and the necessary chemicals as well as represents manufacturers of

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

freezer and incubator devices, centrifuges, and laminar flow hoods. The products bear the name of their respective manufacturers rather than of Gibbco, although in some limited instances Gibbco will place a small return address label bearing the Gibbco name on a product's outer packaging.

Although the products manufactured by Life Technologies and those sold by Gibbco are both used in medical laboratories, the two companies are in direct competition only with respect to one product—Nunc cryotubes—and Gibbco derives less than .1% of its business from the sale of Nunc cryotubes.

The parties have stipulated to the fact that they have common customers and that each has received correspondence intended for the other.

Life Technologies brought suit in federal court seeking damages and injunctive relief. Life Technologies alleged that defendant's use of the name Gibbco amounted to trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin of goods in interstate commerce in violation of 15 U.S.C. § 1125, and unfair competition. A bench trial resulted in a verdict for Gibbco because the district court found that there was no likelihood of confusion.

## II. DISCUSSION

Likelihood of confusion is a finding of fact subject to the clearly erroneous standard of review. *Squirtco v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir.1980). Therefore, unless we are "left with the definite and firm conviction that a mistake has been committed" we must affirm the findings of the district court. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

In *Squirtco* we set forth the following factors for determining whether there exists a likelihood of confusion: 1) the strength of the owner's mark; 2) the similarity between the owner's mark and the alleged infringer's mark; 3) the degree to which the products compete with each other; 4) the alleged infringer's intent to pass off its goods as those of the trademark owner (but intent is not an element of an infringement claim); 5) incidents of actual confusion; and 6) whether the degree of purchaser care can eliminate any likelihood of confusion which would otherwise exist. 628 F.2d at 1091. Each factor must be considered and excessive weight should not be given to any one factor to the exclusion of others. *Calvin Klein Cosmetics Corp. v. Lenox Laboratories, Inc.*, 815 F.2d 500, 504 (8th Cir.1987).

■ The district court found that the first two factors support Life Technologies' case but that they were offset by the other four factors. We agree. Although Life Technologies' Gibco mark is nationally recognized and obviously very similar to defendant's Gibbco mark, these factors alone will not support a finding of trademark infringement.

The district court found that the degree of competition between Life Technologies and Gibbco is minimal. The two companies only deal with one common line of products—Nunc cryotubes. Although they share many common customers, Life Technologies and Gibbco supply different products to them and in all but the smallest laboratories these products are used in physically separate facilities. Life Technologies argues that the district court's finding of lack of competitive proximity is clearly erroneous because the court failed to take into account the fact that many of their products are made to be used next to or together with the products of Gibbco. We disagree. The fact that two products are used together does not mean that they are in competition, especially where, as here, the products perform different functions. *See Astra Pharmaceutical Prod., Inc. v. Beckman Instruments, Inc.*, 718 F.2d 1201, 1205–06 (1st Cir.1983) (fact that all products involved are used in medical or health care field does not demonstrate a likelihood of confusion). After careful review of the record we find adequate support for the district court's finding.

■ The next factor—intent to pass off goods as coming from Life Technologies—is not at issue. The district court found no evidence of intent on the part of Gibbco, and Life Technologies does not dispute this finding. However, Life Technologies ar-

gues that the district court erroneously concluded that a lack of intent demonstrates a lack of infringement. Intent raises an inference of likelihood of confusion, but it is not an element of infringement. *Squirtco,* 628 F.2d at 1091. We do not believe that the district court committed error when it weighed lack of intent on the side of non-infringement. Because the burden of proof rests on Life Technologies, each of the *Squirtco* factors which it fails to prove necessarily supports Gibbco's position that there was no infringement. The factors were meant to be weighed against each other, not individually viewed in a vacuum.

Next, Life Technologies argues that the district court failed to give appropriate weight to the evidence of actual confusion. "[A]ctual confusion is not essential to a finding of trademark infringement, although it is positive proof of likelihood of confusion." *Id.* The district court found that the instances of actual confusion were neither frequent nor serious. Life Technologies now asks that we reweigh the evidence and find in its favor. However, that is not our role on appeal. Although the testimony introduced in the district court is susceptible of different interpretations, it is not clearly erroneous for the district court to find that the instances of actual confusion were neither frequent nor serious. Thus, when determining whether there exists a likelihood of confusion, weight is given to the number and extent of instances of actual confusion.

Finally, Life Technologies argues that the district court erred in its assessment of the sixth *Squirtco* factor—degree of purchaser care. The court found that the customers of both Life Technologies and Gibbco are highly sophisticated, that Gibbco's merchandise is both complicated and expensive, that Life Technologies' customers are familiar with the products they purchase, and that simple steps have been taken to eliminate any possible confusion. The district court concluded that "[w]ithin this universe of customers, * * * the likelihood of future confusion and the severity of resulting injury are minimal and insufficient to support the relief sought here." Although Life Technologies presents a rea-

sonable argument for the opposite result, it has failed to demonstrate how the district court's finding was clearly erroneous.

While the district court's evaluation of each factor is subject to the clearly erroneous standard of review, the ultimate determination of the likelihood of confusion is a question of law which we review *de novo. Kwik-Site Corp. v. Clear View Mfg. Co., Inc.,* 758 F.2d 167, 178 (6th Cir.1985). However, after careful consideration of all the *Squirtco* factors, we agree with the district court that Life Technologies has failed to prove a likelihood of confusion.

## III. CONCLUSION

Because the district court's evaluation of the *Squirtco* factors was not clearly erroneous and because the factors do not show a likelihood of confusion, the order of the district court is affirmed.