**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
Nos. 97-1018MN, 97-1019MN

|  | * |  |
| --- | --- | --- |
| _____ | * |  |
|  | * |  |
| No. 97-1018MN | * |  |
| _____ | * |  |
|  | * |  |
| Minnesota Mining & Manufacturing | * |  |
| Company, | * | On Appeal from the United |
|  | * | States District Court |
| Appellant, | * | for the District of |
|  | * | Minnesota. |
| v. | * |  |
|  | * |  |
| Rauh Rubber, Inc.; Gaia Enterprises, | * |  |
| Inc.; James T. Rauh; and | * |  |
| James Thomas, | * |  |
|  | * |  |
| Appellees. | * |  |
| _____ | * |  |
|  | * |  |
| No. 97-1019MN | * |  |
| _____ | * |  |
|  | * |  |
| Minnesota Mining and Manufacturing | * |  |
| Company, | * | On Appeal from the United |
|  | * | States District Court |
| Appellee, | * | for the District of |
|  | * | Minnesota. |
| v. | * |  |
|  | * |  |
| Rauh Rubber, Inc.; Gaia Enterprises, | * |  |
| Inc.; and James T. Rauh, | * |  |
|  | * |  |
| Appellants. | * |  |

_____

Submitted: October 20, 1997

Filed: December 11, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, LOKEN and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

In this case, Minnesota Mining & Manufacturing Company ("3M") appeals the District Court's order granting only in part 3M's motion for a preliminary injunction. This litigation involves claims by 3M against Rauh Rubber, Inc., GAIA Enterprises, Inc., James T. Rauh, and James Thomas (the "Rauh defendants"), alleging trademark infringement in violation of the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1114(1) and 1125(a) (1994); trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); common-law breach of express and implied contract; and deceptive trade practices in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), and the Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43 - 325D.58 (1997). Rauh Rubber and GAIA Enterprises cross-appeal, arguing that the district judge[1] erred in denying their motion to increase the amount of the bond 3M was required to deposit with the District Court. We now affirm the District Court's holding as to both the appeal and the cross-appeal.

I.

_____

[1]The Hon. John R. Tunheim, United States District Judge for the District of Minnesota.

3M is a Delaware corporation based in St. Paul, Minnesota, which manufactures industrial, commercial, residential, and office products. Part of 3M's business involvesthe manufacture of reflective material, which is done primarily at a facility in Brownwood, Texas. The reflective material is manufactured in large rolls and then is subjected to an extensive quality-control process. Surplus or inadequate reflective material is either sold or discarded in a landfill. Beginning in September 1993, 3M began selling this surplus or inadequate material to Rauh Rubber, Inc., a family-owned Ohio corporation which buys scrap material to resell or recycle it. James Rauh is an officer and 40% shareholder in Rauh Rubber. Rauh and his family own and operate both Rauh Rubber and GAIA Enterprises, Inc., which also buys and then resells or recycles scrap products, and which also bought reflective materials from 3M.

After purchasing these materials from 3M, Rauh Rubber and GAIA began to sell them to 3M's customers at lower prices than 3M was offering for its own reflective material. In September 1994, when 3M learned that Rauh Rubber and GAIA were selling these materials, 3M began negotiating the repurchase of the materials. The negotiations continued through 1995, and were not successful. 3M filed a complaint with the District Court on March 3, 1996, alleging trademark infringement, trademark dilution, breach of contract, and unfair trade practices on the part of the Rauh defendants.

On March 8, 1996, after a hearing, the District Court granted 3M's motion for a temporary restraining order, which prevented the Rauh defendants from selling or disposing of any reflective materials they had purchased from 3M. The Court also required 3M to post a $100,000 bond. The District Court conducted an extensive four-day hearing in May 1996 to consider a motion by 3M for a preliminary injunction and motions by the Rauh defendants to dismiss the complaint for lack of personal jurisdiction and improper venue. At this hearing, both sides presented evidence of the quality of the reflective materials 3M sold to the Rauh defendants and evidence of confusion of the Rauh defendants' customers as to the quality of the materials that

Rauh Rubber and GAIA had bought from 3M. On October 17, 1996, the District Court issued an opinion denying most of the Rauh defendants' motion to dismiss and granting in part 3M's motion for a preliminary injunction.[2]

In its October 17 order, the District Court held that 3M is unlikely to prevail in a trial on the merits on its claim that an express or an implied contract existed between 3M and the Rauh defendants obligating the Rauh defendants not to resell the reflective material bought from 3M, but instead to grind it up for use in rubber products.[3] The District Court also held that 3M is likely to succeed on its trademark-infringement claims, because it demonstrated that some of the reflective material it sold to the Rauh defendants was not "genuine," and that there was some likelihood of confusion by the Rauh defendants' customers as to the quality of the reflective materials. Next, the Court held that 3M is not likely to prevail in its trademark-dilution claim. Finally, the Court held that 3M is likely to prevail in its state and federal unfair-trade-practices claims against the Rauh defendants. The Court went on to consider any irreparable harm 3M might have faced if the District Court did not issue an injunction, to balance the harms each party might face, and to consider the public interest in issuing an injunction. See Minnesota Mining & Manufacturing Co. v. Rauh Rubber, Inc., 943 F. Supp. 1117 (D. Minn. 1996).

---

[2]The District Court granted the Rauh defendants' motion to dismiss the complaint against Joseph Rauh, an officer and shareholder in Rauh Rubber and GAIA, for lack of personal jurisdiction. The Court denied the motions to dismiss as to James Rauh, Rauh Rubber, and GAIA. Neither party raises these issues on appeal, so we need not consider them.

[3]3M does not contest on appeal the limited holding that it is not likely to prevail on the merits of its claim that an express or implied contract not to resell the materials existed between it and the Rauh defendants. 3M is free to pursue its breach-of-contract claim in a trial on the merits.

Taking these factors into account, the District Court granted in part 3M's motion for a preliminary injunction. In an order dated November 15, 1996, the Court required the Rauh defendants to include the following written disclosure statement on any documents accompanying an offer to sell or deliver the reflective materials they bought from 3M:

> Please take notice that this product may not be first-quality goods. This product was purchased by Seller from 3M as rejected, excess and/or scrapped material. Seller is not an authorized 3M dealer and 3M has not authorized the sale of this product. You should do your own inspection or testing to determine whether this product is suitable for your intended use. 3M does not extend any express or implied guarantees, representations, or warranties with respect to this product.

In this order, the Court also denied an earlier motion by the Rauh defendants to increase the bond 3M was required to submit to the Court. This case is now before us on appeal of 3M, which argues that this injunction was insufficient, and that the District Court should have enjoined the Rauh defendants from selling any reflective materials they bought from 3M. The Rauh defendants cross-appeal, arguing that the District Court should have increased the amount of 3M's bond.

In affirming the District Court's order, we emphasize the preliminary nature of our holding. This opinion reflects our view that the District Court's injunction adequately preserves the status quo while protecting the interests of all parties and the public at this stage of the litigation. Any conclusions of law we announce today are tentative, and 3M is not prohibited from pursuing claims raised in its complaint with respect to the Rauh defendants' pre-suit conduct in a trial on the merits.

II.

A.

A district court considering a motion for a preliminary injunction should consider the likelihood that the moving party will prevail on the merits, the threat of irreparable harm to the moving party, the balance between the harm to the moving party and the harm the injunction will cause to other parties, and the public interest. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). The District Court considered these factors in deciding whether to issue an injunction, including the likelihood that 3M would prevail on the merits on its trademark-infringement claim.

In order to prevail on a trademark-infringement claim, a plaintiff must prove a likelihood of consumer confusion, which is the "hallmark of any trademark infringement claim." Polymer Technology Corp. v. Mimran, 37 F.3d 74, 80 (2d Cir. 1994). See also Shell Oil Co. v. Commercial Petroleum, Inc., 928 F.2d 104, 107-08 (4th Cir. 1991). In determining whether a likelihood of confusion exists, a court should take the following factors into consideration:

> 1) the strength of the owner's mark; 2) the similarity between the owner's mark and the alleged infringer's mark; 3) the degree to which the products compete with each other; 4) the alleged infringer's intent to pass off its goods as those of the trademark owner . . .; 5) incidents of actual confusion; and 6) whether the degree of purchaser care can eliminate any likelihood of confusion which would otherwise exist.

Life Technologies, Inc. v. Gibbco Scientific, Inc., 826 F.2d 775, 776 (8th Cir. 1987) (citing SquirtCo v. Seven-Up Co., 628 F.2d 1086, 1091 (8th Cir. 1980)). This Court reviews a district court's finding of a likelihood of confusion under the clearly erroneous standard of review. Id. at 776.

We cannot say that the District Court erred in holding that requiring the Rauh defendants to include disclosure language in sales documents would sufficiently remedy, for the period before trial on the merits, any likelihood of confusion. The issue in this case is the likelihood that the Rauh defendants' customers will be confused as to the quality of the reflective materials. Because sales contracts will feature prominently the court-ordered disclosure statement, there is little likelihood that a consumer would confuse scrap reflective materials sold by the Rauh defendants with high-quality reflective materials sold by 3M. It is true that the strength of 3M's trademark is uncontested, that 3M's mark is the same as the mark on the scrap sold by the Rauh defendants, and that 3M and the Rauh defendants may continue to compete with one another for buyers. However, the other three factors to be considered militate in favor of the District Court's injunction. The District Court found no evidence to suggest the Rauh defendants attempted to represent themselves as authentic 3M dealers. The evidence presented at the hearing revealed that even before the District Court required the disclosure statement to be placed in sales documents, very few actual customers believed they were buying quality 3M material from the Rauh defendants. A purchaser exercising a minimal degree of care will realize that he may potentially be buying scrap if he reads the warning on the sales documents. See Prestonettes, Inc. v. Coty, 264 U.S. 359, 368 (1924) ("When the [trademark] is used in a way that does not deceive the public we see no such sanctity in the word as to prevent its being used to tell the truth. It is not taboo.") (Holmes, J.).

3M argues that the District Court's injunction would be effective only if disclosure language were included on every piece of scrap material sold by the Rauh defendants. However, given the weak evidence of actual confusion by the Rauh defendants' customers before the District Court issued the injunction, we cannot hold that the Court erred in requiring the language to appear only in sales contracts and documents. Therefore, we affirm the District Court's holding that an injunction requiring the Rauh defendants to disclose the quality of the scrap reflective material in sales contracts is sufficient to avoid a likelihood of consumer confusion. Because proof

of consumer confusion is a necessary element of a trademark-infringement claim, and because we hold, on the basis of the record now before us, that the District Court's injunction remedies the likelihood of future consumer confusion, we need not now reach the other trademark-infringement issues in this case.

## B.

We also uphold the District Court's finding that 3M failed to demonstrate a likelihood of success on the merits of a trademark-dilution claim under the Lanham Act, 15 U.S.C. § 1125(c), and that an injunction absolutely prohibiting the re-sale of 3M's reflective material was therefore inappropriate. As the District Court noted, 3M was able to produce little evidence that the Rauh defendants' sale of scrap materials it bought from 3M tarnished, degraded, or diluted 3M's own mark.

## C.

Finally, we agree that the injunction issued by the District Court will prevent possible violations by the Rauh defendants of deceptive trade practices prohibited by the Lanham Act, 15 U.S.C. § 1125(a), and the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44. Both of these statutes prohibit false or misleading representations or representations which have a tendency to deceive. The injunction ordered by the District Court prevents misrepresentations as to the quality of the reflective material sold by the Rauh defendants, because it warns customers that the material they are buying may be scrap and may not be of the highest quality. Because this injunction remedies the problems addressed by these two deceptive trade-practices statutes, we affirm the District Court's order.

## III.

As to the Rauh defendants' cross-appeal, we uphold the District Court's denial of the motion to increase the amount of 3M's $100,000 bond. We find no abuse of discretion on the part of the District Court, given the fact that even if the Rauh defendants have been or will be damaged by the injunction against them, they are free to pursue 3M, a solvent corporation, for the full extent of the damages. The $100,000 bond is a security device, not a limit on the damages the Rauh defendants may obtain against 3M if the facts warrant such an award.

## IV.

For the reasons discussed above, the order of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.