William A. CLARKE

v.

JOSEPH H. DAHLKEMPER, INC.,
Skyline International, Inc.

Civ. A. No. 78-144 ERIE.

United States District Court,
W. D. Pennsylvania.

April 11, 1979.

Ralph A. Hammar, Erie, Pa., for plaintiff.

Fred Wiviott, Whyte & Hirschboeck, Milwaukee, Wis., James K. McNamara, Erie, Pa., for defendants.

## OPINION

WEBER, Chief Judge.

The plaintiff's complaint alleges a cause of action for infringement of the plaintiff's trademark "SAFE–T–BALL" (1,049,699), which the plaintiff registered to use in the marketing of a children's target game involving the throwing of velcro-covered plastic balls, approximating a ping pong ball in size, onto a receptive cloth-like material on which a target resembling a dart board is printed. Defendant Skyline and defendant Dahlkemper retail a children's game, similar in principle to the plaintiff's named "FLINGER CLINGERS ™ " beneath which appears the phrase "the safety ball target game" in smaller print. The plaintiff contends that the defendants' use of the phrase "the safety ball target game" infringes the plaintiff's registered "SAFE–T–BALL" trademark.

On the issue of trademark infringement, the defendants have moved for summary judgment under 15 U.S.C. § 1115(b)(4) which provides a defense to trademark infringement actions. As applied to this case, the defense has three elements: (1) whether the defendants' phrase "the safety ball target game" is descriptive of the game the defendants sold; (2) whether the defendants used the phrase "the safety ball target game" as a trademark; and (3) whether the defendants used the phrase to describe their particular game. Both the plaintiff and defendants have supplied evidentiary material including the packaging involved here which is part of the record. Our review of the evidence indicates that no issue of fact remains for trial on the question of trademark infringement, that the presence of the elements of the § 1115(b)(4) defense can be readily determined by objective analysis of the packaging and affidavits supplied by the plaintiff and defendants, and that the case is accordingly susceptible to disposition by summary judgment in favor of the defendants. See *Venetiannaire Corp. v. A & P Import Co.,* 302 F.Supp. 156, 158 (S.D.N.Y.1969), *affirmed* 429 F.2d 1079 (2d Cir.

1970); *see generally*, 6 pt. 2 MOORE'S FEDERAL PRACTICE ¶ 56.17[66] at p. 56–1094.

■ While the plaintiff's brief and evidence enlarges the scope of the evidentiary material, it adds no material facts pertinent to the issues here. The plaintiff recites that before 1976 the defendants' marking of its package described the game as "the safe dart ball game", whereas after the plaintiff registered its trademark "SAFE–T–BALL" and after defendants had an opportunity to inspect the plaintiff's package, the defendants in 1978 changed their description to "the safety ball target game." This allegation of copying is not a valid defense to the defendant's Motion for Summary Judgment under 15 U.S.C. § 1115(b)(4) if the defendants did not use the words as a trademark and if their use was descriptive, as hereinafter discussed. Thus, this factual allegation is not material to the issues raised by defendants in their Motion. In sum, the plaintiff's response to the Motion and his supporting evidentiary material do not raise a disputed issue of fact under Fed.R.Civ.P. 56.

■ With regard to the first element of the § 1115(b)(4) defense, our review of the record indicates that the defendants' phrase "the safety ball target game" is an appropriate description of purported qualities of the defendants' "Flinger Clinger ™ " game according to the commonly accepted, dictionary definitions of the words "safety" and "ball." We believe that the words "safety" and "ball", when used together, constitute a common descriptive term in the same sense that "light" and "beer", when used together, result in a common descriptive term. *Compare Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 80–81 (7th Cir. 1977) *with Louis Rich v. Longacre*, 423 F.Supp. 1327 (E.D.Pa.1976) ("Gobble gobble" not commonly descriptive of turkey products). The plaintiff's game uses a ball similar to that used by the defendants, and the plaintiff himself testified in a related case that he used the phrase "Safe-T-Ball" to describe a ball target game safe for children. In addition, the deposition of an experienced toy dealer indicates that toy manufacturers commonly use the adjectives "safe" and "safety" to emphasize that their particular games are safe for children, Affidavit of Armand Glenn, ¶¶ 4, 8. See *Q-Tips, Inc. v. Johnson & Johnson*, 206 F.2d 144, 147 (3d Cir. 1953).

Regarding the second and third elements of the § 1115(b)(4) defense, the record amply supports the defendants' contention that the defendants used the phrase "the safety ball target game" to describe the qualities of their "Flinger Clinger ™ " game and did not use the phrase as a trademark, or in a way calculated to attribute the source of their games to anyone other than the defendants. See *B & L Sales Associates v. H. Daroff & Sons, Inc.*, 421 F.2d 352, 353 (2d Cir. 1970). The defendants print the phrase "the safety ball target game" in plain, block letters in a typeface subordinate to their own "Flinger Clinger" trademark, creating an appearance and marketing effect different from that achieved by the stylized lettering used by the plaintiff to print his "SAFE–T–BALL" trademark. Differences in color scheme contribute to the difference in effect: the defendants use blue lettering on a yellow background while the plaintiff uses red ink on a blue background. Finally, the defendants' phrase "the safety ball target game" is obviously related to another descriptive phrase on the package—"contains 3 safety balls"—which is missing from the plaintiff's package. These factors, which focus on the "*use* of words, not on their nature or meaning in the abstract," indicate that the defendants used the phrase "the safety ball target game" to describe their game and not as a trademark, *Venetiannaire v. A & P*, 429 F.2d at 1081–82. See *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 12–13, (2d Cir. 1977), *Kiki Undies Corp. v. Alexander's Dept. Stores, Inc.*, 390 F.2d 604, 605–06 (2d Cir. 1968).

For the reasons set forth above, we do not believe that the defendants in this case used the phrase "the safety ball target game" as a trademark. This finding is facilitated by the defendants' presentation of "Flinger Clingers" as a trademark of their own in lettering more prominent than that of the offending phrase. In a companion case, a defendant not involved in the instant case used words as a trademark which are identical to those comprising the plaintiff's trademark but argues that the words are merely descriptive and hence do not merit trademark protection. We do not face that issue in the instant case.

Accordingly, because the evidence supplied by the defendants establish the elements of a non-infringement defense under 15 U.S.C. § 1115(b)(4), and because plaintiff's Response establishes no genuine issue of material fact, the defendants' Motion for Partial Summary Judgment is granted with respect to the trademark infringement claim.