**MUNTERS CORPORATION,**
**Plaintiff–Appellant,**
**Cross–Appellee,**

v.

**MATSUI AMERICA, INCORPORATED,**
**Defendant–Appellee, Cross–Appellant.**

**Nos. 89–3553, 89–3646.**

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1990.

Decided Aug. 2, 1990.

Michael A. Forti, Bell, Boyd & Lloyd, Chicago, Ill., Pasquale A. Razzano, Marilyn Brogan, Curtis, Morris & Safford, New York City, for plaintiff-appellant, cross-appellee.

Nancy E. Sasamoto, Edward J. Underhill, Masuda, Funai, Eifert & Mitchell, Chicago, Ill., for defendant-appellee, cross-appellant.

Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

Plaintiff, the Munters Corporation ("Munters"), manufactures and sells industrial and environmental control devices including a dehumidifying apparatus. Defendant Matsui America, Incorporated ("Matsui") is a wholly owned subsidiary of a Japanese corporation. Matsui manufactures and distributes equipment for the plastics industry in the United States, including dehumidifiers for drying plastic resins.

In May 1989, Munters filed a suit against Matsui for trademark infringement and unfair competition. The complaint showed that Munters, through a subsidiary, had registered the trademark "HONEY-COMBE" and used that trademark on its space dehumidifying apparatus containing a honeycomb-shaped desiccant wheel rotor.

In the fall of 1987, Munters learned that Matsui was selling a "Honeycomb Dehumidifying Unit," which also contained a honeycomb-shaped desiccant wheel rotor. This caused counsel for Munters to advise Matsui to stop using "Honeycomb" in connection with its dehumidifiers. As a result, Matsui allegedly agreed to discontinue the use of that term as a trademark in its advertising materials. After its stock of brochures was exhausted, Matsui continued to use the word honeycomb, but only as an adjective to describe its rotor.

Besides charging Matsui with infringement of its registered trademark, Munters' complaint contained seven other counts not involved on this appeal. In its answer, Matsui denied continuing the use of the word honeycomb as a trademark in connection with its dehumidifiers and claimed that its products were sold through different channels of distribution to different classes of customers and for different purposes.

In June 1989, the district court granted a preliminary injunction restraining Matsui from infringing on Munters' trademark "HONEYCOMBE" in connection with the sale of its dehumidifiers. However, after holding an August 1989 hearing to determine whether Munters was entitled to a permanent injunction, the district court determined on October 25, 1989, that the in-

junction was not warranted. The court's judgment was accompanied by a comprehensive 13–page memorandum opinion reported at 730 F.Supp. 790. We agree with Judge Zagel's reasoning and therefore hold that a permanent injunction was properly denied.

Only one issue merits elaboration. Munters has argued that the district court's analysis of the strength of its mark is in derogation of the Supreme Court's holding in *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 105 S.Ct. 658, 83 L.Ed.2d 582. *Park 'N Fly* holds that an alleged infringement of an incontestable trademark cannot be defended on the ground that the complainant's mark is merely descriptive. A bit of background is necessary to an understanding of Munters' argument.

■ In order to prevail in an action under Section 43(a) of the Lanham Act, a complainant must show that it has a protectible trademark and that the alleged infringer's use of that trademark is likely to cause confusion among consumers. *The Forum Corporation of North America v. The Forum, Ltd.*, 903 F.2d 434, 439 (7th Cir.1990); *International Kennel Club v. Mighty Star, Inc.*, 846 F.2d 1079, 1084 (7th Cir.1988). Most often an analysis of the strength of the complainant's mark is undertaken to determine whether an unregistered trademark is protectible. See, *e.g.*, *G. Heileman Brewing Co. v. Anheuser–Busch, Inc.*, 873 F.2d 985 (7th Cir.1989). Here Munters' "HONEYCOMBE" trademark was registered. The district court accordingly found that it was protectible and, because it had been in continuous use for more than five years following its registration, incontestable. Nevertheless, the district court undertook a strength of the mark analysis in evaluating whether Matsui's use of Munters' mark was likely to cause confusion. This is correct practice in the Seventh Circuit, since strength of the mark is one of the factors in this Circuit for evaluating likelihood of confusion. See, *e.g.*, *McGraw–Edison Co. v. Walt Disney Productions*, 787 F.2d 1163 (7th Cir.1986) (applying seven factors including strength

of the mark). Some other circuits do not include this factor in their likelihood of confusion analysis. See, *e.g.*, *Clamp Manufacturing Co., Inc. v. Enco Manufacturing Co., Inc.*, 870 F.2d 512, 517 (9th Cir. 1989) (strength of mark not among listed factors), certiorari denied, —— U.S. ——, 110 S.Ct. 202, 107 L.Ed.2d 155; *Beer Nuts, Inc. v. Clover Club Foods Co.*, 805 F.2d 920, 925 (10th Cir.1986) (same). Munters has argued that since a strength of the mark analysis includes a discussion of whether the mark is merely descriptive, the district court's discussion of the strength of Munters' mark disregarded the Supreme Court's holding in *Park 'N Fly* that an incontestable mark cannot be challenged on the grounds that it is merely descriptive.

This argument is unpersuasive. The most that can be said by critics is that this Circuit's practice of including a strength of the mark component in its likelihood of confusion analysis is a practice that is, itself, likely to cause confusion. We conclude, however, that it is Munters, and not the district court, that is confused in this case. The district court explicitly noted that Matsui's argument that Munters' mark was merely descriptive was not intended to demonstrate that Munters' mark was not protectible but rather was advanced solely to bolster Matsui's claim that there was no likelihood of confusion. 730 F.Supp. at 795–796. The Supreme Court's holding in *Park 'N Fly* does not address likelihood of confusion. In fact the Court specifically directed the district court to consider the likelihood of confusion argument on remand. 469 U.S. at 205, 105 S.Ct. at 667. Therefore *Park 'N Fly* does not preclude consideration of a mark's strength for purposes of determining the likelihood of confusion.

■ The district court's findings as to likelihood of confusion are findings of fact subject to the clearly erroneous standard of review. *The Forum Corporation*, 903 F.2d at 438; *Henri's Food Products Co., Inc. v. Kraft, Inc.*, 717 F.2d 352, 354 (7th Cir.1983). We agree with the district court that Matsui's present use of the word honeycomb is not likely to cause confusion

among current or potential purchasers of Matsui's and Munters' products.

After denying Munters' motion for a permanent injunction, the district court denied Matsui's motion to amend its answer and counterclaim to challenge the registration status of Munters' trademark on the ground that "HONEYCOMBE" was a generic term that could not become a trademark. As Judge Zagel explained, the mark does not denominate a type of goods nor classify the noun "dehumidifier" or "wheel" to which it is attached by Munters. Instead the term describes the porous configuration of the goods and not a subcategory of wheel or dehumidifier. See 730 F.Supp. at 796. Furthermore, as Matsui admits in its reply brief, the district court gave Matsui the opportunity at trial to present evidence that Munters' mark was generic. Reply Brief at 3, 4. More was not required.

The judgment of the district court is affirmed. Matsui's motion for sanctions under Rule 38 of the Federal Rules of Appellate Procedure is denied.