**INSTITUTE FOR SCIENTIFIC INFORMATION, INC.**

v.

**GORDON AND BREACH, Science Publishers, Inc. and Scientific Technical Book Service, Ltd.**

Civ. A. No. 89–6730.

United States District Court, E.D. Pennsylvania.

Aug. 30, 1990.

370

Arthur Seidel, Philadelphia, Pa., for plaintiff.

James J. Rodgers, Philadelphia, Pa., for defendants.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Defendants have filed a motion for judgment on the pleadings in this trademark infringement action which will be granted.

Plaintiff Institute for Scientific Information, Inc. is the publisher of a number of periodicals entitled "CURRENT CONTENTS" which consist of reproductions of the contents pages of scholarly journals in a number of scientific and academic fields. Plaintiff is the owner of a trademark registration for "CURRENT CONTENTS". The "CURRENT CONTENTS" periodicals have been published for more than thirty years and have been very successful for the plaintiff.

Defendant issues a publication called "SCAN" which lists the contents of books and journals published by Gordon and Breach Science Publishers and Harwood Academic Publishers. It is sent free of charge to people who request it. Advertisements promoting "SCAN" have been published with the following appearing beneath the word "SCAN": "... a free guide to the current contents of books and journals published by Gordon and Breach Science Publishers and Harwood Academic Publishers."

In its complaint the plaintiff alleges that the defendants had in early 1985 published "SCAN" with the subtitle "a guide to current contents of journals published by Gordon & Breach." Plaintiff alleges that as a result of letters from one of its officers and its attorneys to the defendant Gordon & Breach, Gordon & Breach agreed not to use the words "current contents" to describe "SCAN". The plaintiff alleges that this agreement was reduced to writing in a letter from one of its attorneys to one of Gordon & Breach's attorneys.

Plaintiff claims that the use of the words "current contents" is trademark infringement and false designation of origin under federal statutes, trademark infringement and unfair competition under the common law, unjust enrichment, dilution of trademark and breach of contract.

■ Defendants' motion is based on the contention that their use of the words "current contents" is a fair use of the phrase, even if they are using it exactly as plaintiff claims they are using it in its complaint.

Section 33(b) of the Lanham Act states:

(b) If the right to use the registered mark has become incontestable under section 1065 of this title, [as plaintiff's mark has] the registration shall be conclusive evidence of the registrant's exclusive right to use the registered mark in commerce ... except when one of the following defenses or defects are established:

.    .    .    .    .

(4) That the use of the name, term, or devise charged to be an infringement is a use, otherwise than as a trade or service mark, ... of a term or devise which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party....

15 U.S.C. § 1115(b).

■ The elements of this fair use defense are: "1) that the defendant used the word or symbol to merely describe its product; 2) that it did not use the word or symbol as a trademark; and 3) that it used the word or symbol in question in good faith." *Munters Corp. v. Matsui America, Inc.,* 730 F.Supp. 790, 800 (N.D.Ill. 1989).

The first issue to be decided for the first element is whether or not the words at issue here, "current contents" are descriptive. Words used to identify products are divided into four categories. The Second Circuit has described the categories as follows: "arrayed in an ascending order that reflects both their eligibility for trademark status and the degree of protection accorded, the categories are (1) generic (ineligible for protection), (2) descriptive (eligible for protection with proof of secondary meaning), (3) suggestive (eligible for protection without proof of secondary meaning), (4) arbitrary or fanciful (eligible for protection without proof of secondary meaning and 'with ease of establishing infringement'.)" *Western Publishing Company, Inc. v.*

*Rose Art Industries, Inc.,* 910 F.2d 57 (2d Cir.1990).

A leading trademarks texts defines a descriptive term as one that "ordinarily tells how a product functions, what it looks tastes, or feels like, or what its desirable aspects are." J. Gilson, Trademark Protection and Practice, § 2.03 at 2–61 (1990). In *Miller Brewing Co. v. G. Heileman Brewing Co.,* 561 F.2d 75, 79 (7th Cir.1977) the Seventh Circuit stated: "A merely descriptive term specifically describes a characteristic or ingredient of an article." The distinction between a suggestive and a descriptive term has been explained in this way:

> A term is suggestive if it requires imagination, thought and perception to reach a conclusion as to the nature of goods. A term is descriptive if it forthwith conveys an immediate idea of the ingredients, qualities or characteristics of the goods.

*Stix Products, Inc. v. United Merchants & Manufacturers Inc.,* 295 F.Supp. 479, 488 (S.D.N.Y.1968). See the list of terms held to be descriptive in J. McCarthy, Trademarks and Unfair Competition, § 11:8 at 449–53 (1984).

■ The words "current contents" as applied to plaintiff's product are clearly descriptive. Plaintiff's periodicals consist of the tables of contents for current periodicals in various fields. It would be hard to imagine a more descriptive phrase for plaintiff's product that has only two words. No imagination is needed to reach a conclusion as to what is published in plaintiff's magazine. The words "current contents" are so descriptive of a group of tables of contents of current periodicals that the Library of the Court of Appeals for the Third Circuit uses that label when they circulate among the judges of this circuit copies of the tables of contents of current law reviews.

■ In its complaint, plaintiff complains that defendants were "openly using the infringing phrase" and included a copy of what they were complaining about. Complain ¶ 21 and Exhibit C. This was a page topped by the word "SCAN" in large letters, with the following words beneath in much smaller letters: "... a free guide to the current contents of books and journals published by Gordon & Breach Science Publishers and Harwood Academic Publishers." This is not a trademark use of the words "current contents", it is a description of the nature of the defendant's publication, which is the current contents of the books and journal that they publish. The fact that the description includes the words "current contents" does not turn it into a trademark. The words "current content" have a normal dictionary meaning, and defendants use the words in that sense. By registering its trademark the plaintiff has not taken from competitors the right to use the English words "current contents" to describe their products.

■ Plaintiff claims that the fact that the defendants had previously agreed not to use the words "current contents" means that their current use of the words is in bad faith. Continued use of words that are claimed to infringe, even after notice of the claim, is not evidence of bad faith. *Andy Warhol Enterprises, Inc. v. Time, Inc.,* 700 F.Supp. 760, 766 (S.D.N.Y.1988).

This conclusion is supported by a number of other cases. In *Clarke v. Joseph H. Dahlkemper, Inc.,* 468 F.Supp. 441 (W.D. Pa.1979) plaintiff's trademark was for a game was "SAFE–T–BALL". Defendants marketed a game "similar in principle to the plaintiff's named 'FLINGER CLINGERS' beneath which appears the phrase 'the safety ball target game' in smaller print." *Id.* at 441. The court found this a fair use of the words "safety ball".

In *Wonder Labs, Inc. v. Procter & Gamble Co.,* 728 F.Supp. 1058 (S.D.N.Y.1990) Wonder Labs was the owner of an incontestable registration for the trademark "DENTISTS CHOICE" for use on toothbrushes. Procter & Gamble used the phrase "dentist's choice" in its advertising and promotion of Crest toothpaste. Procter & Gamble used the words "The dentist's choice" much more prominently in its advertisements than defendants here have used "current contents". *Id.* at 1061 n. 4. The court found this a fair use.

In *Munters Corp. v. Matsui America, Inc.*, 730 F.Supp. 790 (N.D.Ill.1989) *aff'd* 909 F.2d 250 (7th Cir.1990) the plaintiff's trademark for dehumidifying equipment was "HoneyCombe". The court held that the use of the word "honeycomb" by the defendant to describe the desiccant wheel in its dehumidifying equipment was a fair use. *Id.* at 800–01.

In *United States Shoe Corp. v. Brown Group*, 740 F.Supp. 196, 15 U.S.P.Q.2d (BNA) 1138 (S.D.N.Y.1990) the court held that the defendant could describe its shoe with the phrase "fells like a sneaker" despite plaintiff's trademark "Looks like a pump, feels like a sneaker". In that case the court stated:

> Defendant's use of the words "feels like a sneaker" falls squarely within the "fair use" defense codified in Section 33(b)(4) of the Lanham Act.... The purpose of the act is to prevent the trademark rights of one party from being extended to preclude another party from the description of his product to the public. When the plaintiff chooses a mark with descriptive qualities, the fair use doctrine recognizes that "he cannot altogether exclude some kinds of competing uses," particularly those which use words in their primary descriptive and non-trademark sense.

740 F.Supp. at 198 (citations omitted).

■ The finding that defendants' use of "current contents" is a fair use precludes plaintiff's other trademark related claims. Fair use precludes recovery for unfair competition under federal law. *Robert B. Vance & Associates v. Baronet Corp.*, 487 F.Supp. 790, 797–798 (N.D.Ga.1979).

■ The standards for trademark infringement and unfair competition under Pennsylvania state law are identical to the federal standards, except that federal law requires interstate commerce. *Moore Push–Pin Co. v. Moore Business Forms, Inc.*, 678 F.Supp. 113, 116 (E.D.Pa.1987).

■ Plaintiff's claim of unjust enrichment requires some proof of wrongful behavior on the defendants' part and therefore also falls.

■ Plaintiff's complaint does not make out a claim of trademark dilution under Pennsylvania law. Plaintiff's complaint states: "By the acts and activities complained of herein, defendants have diluted ISI's valuable trademark rights under its distinctive 'CURRENT CONTENTS' trademark." Pennsylvania's statute requires that the offending use dilute "the distinctive quality of a mark". 54 Pa.C.S.A. § 1124. Using common English words to accurately describe the defendants' product, and not as a trademark, can not dilute the plaintiff's mark.

■ Plaintiff's final claim is for breach of contract. The letter from plaintiff's counsel to defendants' counsel that allegedly recites this oral agreement states:

> This has reference to our telephone discussion on September 5 in which you advised me that Gordon & Breach was agreeable to discontinuing all usage of "CURRENT CONTENTS". In its place, Gordon & Breach would use:
>
> > "A guide to the contents of current issues of journals published by Gordon & Breach."

Complaint Exhibit E. This can not be a basis for finding that the Gordon & Breach is liable to the plaintiff for money damages forever if it ever uses the words "current contents" to describe its publication. Because there is no specified term, the contract should be interpreted to be terminable at will by either party. Also, if this is agreement is held to be a contract, the remedy for its breach should be to allow plaintiff to do what it promised not to do as its consideration for this contract, bring suit for trademark infringement. That is what the plaintiff is doing in this case.

■ An order granting a motion for judgment on the pleadings is only appropriate where there is no dispute as to material fact and one party is entitled to judgment as a matter of law. *Damron v. Smith*, 616 F.Supp. 424, 425 (D.C.Pa.1985). Here, taking every fact plead in the complaint as true, defendants are entitled to judgment as a matter of law and for that reason

judgment will be entered in favor of the defendants.

An appropriate order follows.

## ORDER

AND NOW, this 30th day of August, 1990, upon consideration of the Defendants' Motion for Judgment on the Pleadings and the Plaintiffs Answer thereto, it is hereby ORDERED and DECREED said Motion is GRANTED, the Complaint is DISMISSED and Judgment is ENTERED is favor of Defendants and against the Plaintiff.