**INSTITUTE FOR SCIENTIFIC INFORMATION, INC. Appellant,**

v.

**GORDON AND BREACH, SCIENCE PUBLISHERS, INC.; Scientific Technical Book Service, Ltd.**

**No. 90–1734.**

United States Court of Appeals, Third Circuit.

Argued Feb. 25, 1991.

Decided April 15, 1991.

Rehearing and Rehearing In Banc Denied May 20, 1991.

Arthur H. Seidel (argued) and Nancy Rubner–Frandsen, Seidel, Gonda, Lavorgna & Monaco, P.C., Philadelphia, Pa., for appellant.

James J. Rodgers (argued), Susan Budnick, and Robert Zielinski, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for appellees.

Before STAPLETON, ALITO and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

The Institute For Scientific Information ("plaintiff") filed a complaint alleging, *inter alia*, violations of the Federal Trademark laws, 15 U.S.C. §§ 1051 *et seq.* (1988), by Gordon and Breach, Science Publishers Inc. ("Gordon") and its subsidiary, Scientific Technical Book Service, Ltd. (collectively the "defendants"). After filing their answer, defendants moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[1] The district court granted defendants' motion, and plaintiff filed this appeal. 743 F.Supp. 369. The district court had jurisdiction over plaintiff's federal trademark claims under 28 U.S.C. § 1338 (1988), and pendent jurisdiction over plaintiff's state claims. This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1988).

## I. BACKGROUND

On September 21, 1989, plaintiff filed a complaint alleging federal and common law trademark infringement, false designation of origin, common law unfair competition, unjust enrichment, dilution and breach of agreement. On December 15, defendants filed an answer, and thereafter moved for judgment on the pleadings pursuant to Rule 12(c).

To rule on defendants' Rule 12(c) motion, the district court was required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to plaintiff, the non-moving party. *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980); *see also* 5A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1368, at 519 (1990) [hereinafter "5A *Federal Prac-*

*tice*"]. We turn to the facts as they are alleged in plaintiff's complaint.

Plaintiff is in the business of developing and marketing information retrieval services. These services are used by researchers to locate and obtain relevant information published worldwide in scholarly, scientific and technical journals and books. Plaintiff is the owner of an incontestable trademark, "CURRENT CONTENTS," that was registered in the U.S. Patent and Trademark Office on December 23, 1958, Registration No. 671,569.[2] That mark is used by plaintiff in periodicals containing the reproductions of title pages of a large number of current periodicals in a variety of fields. Plaintiff's CURRENT CONTENTS periodicals have substantial sales and have been published continuously since 1957.

Defendants are also in the business of publishing books and journals. Defendants publish a journal entitled "SCAN" which lists the contents of defendants' publications on certain scholarly, scientific and technical subjects. SCAN is in direct competition with plaintiff's CURRENT CONTENTS periodicals.

In early 1985, the subtitle of SCAN described it as "a guide to current contents of journals published by Gordon & Breach." On February 27, 1985, plaintiff's senior vice president of finance and administration sent the president of Gordon a letter requesting defendants to voluntarily cease and desist from using the phrase "current contents" in light of plaintiff's incontestable mark, CURRENT CONTENTS. On September 17, 1985, after several months of negotiations, plaintiff's attorney sent another letter to Gordon confirming an oral agreement (the "agreement") whereby defendants agreed to discontinue all use of

---

1. Fed.R.Civ.P. 12(c) provides that:

   After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

   Neither party contends that the district court treated defendants' motion as one for summary judgment.

2. Under the Lanham Act a registered mark becomes "incontestable" upon the filing of an affidavit of use between the fifth and sixth years of that mark's registration. *See* 15 U.S.C. §§ 1058 & 1065; *see also Opticians Ass'n v. Independent Opticians*, 920 F.2d 187, 192 (3d Cir.1990).

the phrase "current contents," and to use the following as the subtitle for SCAN: "A guide to the contents of current issues of journals published by Gordon & Breach." Plaintiff never received a written response to that letter.

From September 1985 to February 1989, Gordon did not use the phrase "current contents" within the subtitle of SCAN. The February 24, 1989 issue of *Science*, however, contained an advertisement for SCAN which described it as "... a free guide to the current contents of books and journals published by Gordon and Breach Science Publishers and Harwood Academic Publishers." Upon learning of this advertisement, plaintiff's senior vice president telephoned Gordon and notified it that plaintiff considered defendants' use of "current contents" a breach of their agreement. Plaintiff's representative was told that the use of "current contents" was due to an oversight by new employees and that defendants would cease to use those words. On March 29, 1989, plaintiff sent a letter to Gordon confirming the details of this telephone conversation. Plaintiff never received a response to the March 29 letter, and defendants continue to use "current contents" in the description of SCAN.

On August 30, 1990, the district court granted defendants' Rule 12(c) motion. Plaintiff filed a timely notice of appeal.

## II. DISCUSSION

Initially, we note that "the Rule 12(c) motion is little more than a relic of the common law and code era," 5A *Federal Practice* at 537, and it "only has utility

when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Id.* at 510. Granting a Rule 12(c) motion results in a determination on the merits at an early stage in the litigation, and thus this court requires "the movant [to] clearly establish[ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir.1988). (quotation omitted).[3]

Defendants' Rule 12(c) motion was based on the contention that the words "current contents" were used fairly and in good faith as permitted by the Lanham Act, 15 U.S.C. § 1115(b)(4).[4] For the district court to dismiss plaintiff's complaint on that ground, it was required to determine that "no set of facts could be adduced to support the plaintiff's claim for relief." *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir.1980) (reviewing judgment on the pleadings granted on Rule 12(b)(6) grounds); *see also Rivera–Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.1988) (stating that "a court may not grant a plaintiff's Rule 12(c) motion unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim") (quotation omitted); 5A *Federal Practice*, § 1368, at 527–28 (stating that plaintiff must "allege facts that, if proved, would permit recovery").

Plaintiff's primary cause of action was for trademark infringement. To dismiss this claim, the district court had to conclude that no set of facts could be adduced

3. Although Rule 12(c) does not use this language, our court stated in *Jablonski* that a Rule 12(c) motion cannot be granted, if a material issue of fact exists. We have no occasion to decide whether there is a meaningful difference between "material issue of fact" and "issue of material fact" found in the summary judgment rule, *see* Fed.R.Civ.P. 56(c).

4. The infringement of an incontestable trademark can only be defended on the grounds enumerated in the Lanham Act. One of the grounds enumerated is fair use:

  (b) Incontestability; defenses

    To the extent that the right to use the registered mark has become incontestable under

section 1065 of this title, the registration shall be conclusive evidence of the validity of the registered mark ... and of the registrant's exclusive right to use the mark on or in connection with the goods or services specified in the affidavit filed.... Such conclusive evidence ... shall be subject to the following defenses or defects:

    (4) That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, ... *of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party* ....

*Id.* § 1115(b)(4) (emphasis added).

to support plaintiff's contention that (1) the CURRENT CONTENTS mark is valid and legally protectable; (2) it owns the CURRENT CONTENTS mark; and (3) defendants' use of the words "current contents" to identify goods or services is likely to create confusion concerning the origin of the goods or services. *See Opticians Ass'n v. Independent Opticians,* 920 F.2d 187, 192 (3d Cir.1990).[5]

Plaintiff's allegation that it is the owner of an incontestable trademark is sufficient to plead a factual basis for (1) and (2). Therefore, the only issue with respect to the trademark infringement claim is whether plaintiff alleged facts that, if proved, would establish that there was a likelihood of confusion.

The district court did not address the issue of likelihood of confusion. Instead, it turned to whether defendants used the phrase "current contents" fairly and in good faith. Concluding that defendants had made fair use of "current contents," the district court dismissed all of plaintiff's trademark related claims.

Plaintiff asserts that the district court erred by granting defendants judgment on the pleadings because (1) the complaint alleged facts that, if proved, would show that defendants' use of "current contents" was likely to cause confusion among CURRENT CONTENTS customers; (2) the pleadings raised a material issue of fact as to whether defendants used the words "current contents" fairly and in good faith; (3) the district court's determination that CURRENT CONTENTS is "clearly descriptive" is inconsistent with United States Supreme Court precedent; and (4) the district court should not have taken judicial notice of the fact that the Library for the Third Circuit Court of Appeals uses the phrase "current contents" to refer to materials circulated to members of the judiciary.[6] These contentions are addressed *seriatim.*

### A. Likelihood of Confusion

■ Plaintiff asserts that the complaint alleged facts that if proved, would demonstrate that there was a likelihood of confusion among its customers.

Defendants contend that "the facts as alleged in the complaint conclusively establish that there could be no likelihood of confusion." (Defendants' brief at 22). As we understand this contention, the defendants challenge the factual sufficiency of plaintiff's complaint and argue that because they were entitled to judgment as a matter of law on the issue of likelihood of confusion, judgment on the pleadings was proper.

■ The district court did not rule on the sufficiency of plaintiff's complaint or determine whether plaintiff alleged facts that, if proved, would permit a finding that defendants' use of "current contents" was likely to cause confusion. Nonetheless, we see no reason why in the interest of judicial economy and in light of our plenary review of Rule 12(c) rulings, *see Jablonski,* 863 F.2d at 290, we cannot address this issue. After all, the defendants' Rule 12(c) motion provided a means by which the sufficiency of plaintiff's complaint could be challenged, *see Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989); 5A *Federal Practice,* at 514 (Rule 12(c) may be used to raise several of the Rule 12(b) defenses), and defendants' answer charged that plaintiff failed to state a claim. Moreover, there is nothing unfair about our addressing this issue because plaintiff, the nonmoving party, urges that we do so and both parties

---

**5.** Although plaintiff does not identify the specific section, the contention seems to be that defendants violated Section 32 of the Lanham Act which provides:

(1) Any person who shall, without the consent of the registrant—

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered trademark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in con-

nection with which such use is likely to cause confusion, or to cause mistake, or to deceive

. . . . . . .

shall be liable in a civil action by the registrant for the remedies hereinafter provided. 15 U.S.C. § 1114 (1988).

**6.** Our disposition of this appeal does not require us to decide whether a finding of fair use is inconsistent with a finding of likelihood of confusion.

have briefed it on appeal. Therefore, we turn to plaintiff's complaint and the allegations concerning likelihood of confusion.

Plaintiff's complaint alleges that the defendants' uses

were and are intended and are possibly and likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of [plaintiff's] periodicals, in that the purchasers or others are possibly and likely to believe that [defendants'] product is [plaintiff's] "CURRENT CONTENTS" product, or an associated product, or the product of a company legitimately connected with or related to [plaintiff].

(App. at 8).

Plaintiff's complaint also alleges the following facts: (1) defendants used the exact words, "current contents," for which plaintiff had a registered trademark; (2) plaintiff has been the owner of the CURRENT CONTENTS mark since 1958; (3) plaintiff has used the mark, CURRENT CONTENTS, continuously since 1958; (4) defendants adopted the phrase "current contents" after plaintiff registered its CURRENT CONTENTS mark; (5) "current contents" is confusingly similar to plaintiff's CURRENT CONTENTS mark; (6) CURRENT CONTENTS periodicals enjoy substantial sales success; (7) CURRENT CONTENTS has become a widely known mark throughout the United States; (8) defendants use "current contents" to describe goods that are identical to plaintiff's CURRENT CONTENTS periodicals; (9) defendants sell their goods through the same channels of trade as plaintiff; (10) defendants sell their goods to the identical end purchasers as plaintiff; (11) defendants' use of "current contents" is likely to conjure up consciously and/or unconsciously plaintiff's CURRENT CONTENTS mark; (12) defendants' publication directly competes with CURRENT CONTENTS periodicals; (13) defendants chose to use the phrase "current contents" with the intent to infringe upon the CURRENT CONTENTS mark and dilute its goodwill; and (14) plaintiff notified defendants of the pur-

ported infringing use immediately upon learning of it. (App. at 3–17).

Plaintiff's complaint goes well beyond the requirements of notice pleading. *See* 2 J. McCarthy, *Trademarks and Unfair Competition,* §§ 32:57 and 32:59, at 794–95, 797–99 (offering form complaint for trademark infringement that satisfies requirements of notice pleading) [hereinafter *"Trademarks"* ]. It contains allegations that, if proved, would permit a finding of likelihood of confusion, *see Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 589 F.2d 1225, 1229 (3d Cir.1978) (listing ten factors relevant to determination), and perhaps the most important of which is plaintiff's allegation that defendants intended to cause confusion, deception or mistake. *See American Home Prods. Corp. v. Barr Laboratories, Inc.,* 834 F.2d 368, 371 (3d Cir.1987) (stating that a plaintiff's "intent to confuse might be highly probative of likelihood of confusion"); *see also Life Technologies, Inc. v. Gibbco Scientific, Inc.,* 826 F.2d 775, 777 (8th Cir.1987) ("Intent [to infringe] raises an inference of likelihood of confusion. . . ."); *Oreck Corp. v. U.S. Floor Sys., Inc.,* 803 F.2d 166, 173 (5th Cir.1986) ("If such an intent [to infringe] can be shown . . . it may provide compelling evidence of likelihood of confusion."), *cert. denied,* 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987).

Thus, we cannot say at this stage that if plaintiff proved the factual allegations in the complaint, it would not show that customers are likely to purchase SCAN, which uses "current contents" in the subtitle, because they believe that SCAN is one of or associated with plaintiff's CURRENT CONTENTS publications. *See Rodeo Collection, Ltd. v. West Seventh,* 812 F.2d 1215, 1217 (9th Cir.1987) ("A likelihood of confusion exists not only when a consumer viewing a service mark is likely to purchase the identified services under the mistaken belief that they are services of another service provider, but also when the consumer would be likely to assume that the identified services are in some way associated with another service-provider."). Thus, we cannot affirm the district court's Rule 12(c) ruling on the ground that plain-

tiff failed to state a claim for trademark infringement because plaintiff alleged a set of facts that, if proved, would show a likelihood of confusion. *See Bryson*, 621 F.2d at 559 (concluding that "judgment on the pleadings would not be appropriate ... because the complaint states a cause of action in contract").

We note that defendants' denial of plaintiff's allegations does not warrant a different conclusion. That denial, of course, simply raised likelihood of confusion as a material issue of fact that could not, in the context of a Rule 12(c) motion, be resolved in defendants' favor. *See General Conference Corp. v. Seventh–Day Adventist Church*, 887 F.2d 228, 231 (9th Cir.1989) (defendant's factual assertions denying likelihood of confusion created a question of material fact precluding judgment on the pleadings), *cert. denied,* —— U.S. ——, 110 S.Ct. 1134, 107 L.Ed.2d 1039 (1990); *see also Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir.1990) (stating that "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue"). Consequently, unless defendants' fair use defense entitled them to judgment as a matter of law, the district court erred by granting judgment on the pleadings. *Jablonski*, 863 F.2d at 290–91.

## B. Fair Use

■ Plaintiff asserts that even if a fair use defense can justify granting judgment on the pleadings, the pleadings here raised material issues of fact as to whether defendants used the words "current contents" fairly and in good faith.[7] Therefore, plaintiff argues that the defendants were not entitled to judgment as a matter of law, and thus judgment on the pleadings was improperly granted by the district court.

---

7. Plaintiff contends that "fair use" is an affirmative defense, and thus under Fed.R.Civ.P. 8(d) the district court was required to treat the facts supporting that defense as denied. Thus, plaintiff argues that defendants' Rule 12(c) motion should have been denied on that ground alone. We shall not address plaintiff's contention because we would still need to determine whether

To demonstrate fair use, defendants were required to prove that they (1) used "current contents" merely to describe their product; (2) did not use "current contents" as a trademark; and (3) used "current contents" in good faith. *See Munters Corp. v. Matsui America, Inc.*, 730 F.Supp. 790, 800 (N.D.Ill.1989), *aff'd*, 909 F.2d 250 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 591, 112 L.Ed.2d 595 (1990). Plaintiff contends that a material issue of fact existed as to each of these elements. We shall, however, only review the pleadings relating to defendants' good faith use of the words "current contents" because we believe that issue is dispositive.

Plaintiff asserts that defendants' use of the words "current contents" was not in good faith. Plaintiff supports this claim by pointing to the fact that the defendants entered into an agreement not to use the words "current contents," abided by the terms of that agreement for over three and one half years, and then breached that agreement.

The district court rejected plaintiff's argument, stating:

> Plaintiff claims that the fact that defendants had previously agreed not to use the words "current contents" means that their use of the words is in bad faith. Continued use of the words that are claimed to infringe, even after notice of the claim, is not evidence of bad faith. *Andy Warhol Enterprises, Inc. v. Time, Inc.*, 700 F.Supp. 760, 766 (S.D.N.Y.1988).

(App. at 392).

■ We believe that the district court was not warranted in relying exclusively upon *Andy Warhol* to reject plaintiff's argument. The defendant in that case continued the alleged infringing use after being notified by a trademark owner that the owner believed that defendant's use was a violation of the trademark laws. *Id.* at

---

the pleadings presented a question of fact. *See* 5A *Federal Practice*, § 1368, at 530 ("If the affirmative defense clearly is established in the pleadings ... *and no question of fact exists,* then a judgment on the pleadings may be appropriate.") (emphasis added).

766. In the instant case, however, the district court was required to assume not only that defendants were on notice of a claim, but also that they breached an agreement requiring them to forego the use of the words "current contents." [8] Therefore, we must decide whether defendants' breach of an agreement not to use the words "current contents" is evidence of bad faith.

Defendants contend that their breach is not evidence of bad faith. In support of their position, defendants cite *Munters* wherein the court stated that an "intentional use of a mark that [the defendant] had every right to use is not itself a ground on which to draw an adverse inference [of bad faith]," *Munters*, 730 F.Supp. at 799 (quoting *M-F-G Corp. v. EMRA Corp.*, 817 F.2d 410, 412 (7th Cir.1987)).

Defendants' reliance on *Munters* is misplaced. The unambiguous terms of the agreement alleged require defendants to refrain from using the words "current contents," possibly to avoid a trademark infringement action.[9] In agreeing to those terms, the defendants made a business judgment to contract away their legal right to make fair use of plaintiff's CURRENT CONTENTS mark. Under the circumstances, we cannot say—as the district court did in *Munters*—that defendants' intentional use of "current contents" was one that they "had every right to use" or that their decision was made "in the context of a good faith business judgment." *Id.* at 801 (using "good faith business judgment" as the ground for rejecting plaintiff's contention that defendant did not act in good

faith, and thus was not entitled to fair use defense). Instead, plaintiff's allegation suggests that defendants intentionally breached the agreement. Clearly, if this were the case, an adverse inference of bad faith may be drawn.

The defendants' breach of contract is not the only fact that plaintiff alleged in support of its contention that defendants acted in bad faith. Plaintiff also alleged that defendants'

> use of the term "current contents" on and in connection with its competing periodicals was and is ... with full knowledge of [plaintiff's] use of its federally registered "CURRENT CONTENTS" mark, and was and is with *intent* and for the purpose ... of wrongfully infringing upon [plaintiff's] "CURRENT CONTENTS" mark so as *to trade upon and dilute the goodwill* represented by [plaintiff's] "CURRENT CONTENTS" mark *so as to give defendants' products bearing the term "current contents" mark a salability which they would not otherwise have.*

(App. at 6–7) (emphasis added). We read the quoted allegation as stating that defendants intentionally infringed upon plaintiff's CURRENT CONTENTS mark.

We cannot say, as defendants suggest, that this allegation of intentional infringement is merely conclusory. Plaintiff's complaint states that defendants agreed to use "A guide to the contents of current issues of journals published by Gordon & Breach" as the description for SCAN, used the noninfringing description for three and one

---

8. We do not believe the district court was entitled to conclude that under Pennsylvania law the alleged agreement was terminable at will. Under Pennsylvania law, "where there is no express provision in the contract as to its duration or termination the intention of the parties in that regard is to be determined from the surrounding circumstances and by an application of a reasonable construction to the agreement as a whole." *Von Lange v. Morrison-Knudsen Co.*, 460 F.Supp. 643, 649 (M.D.Pa. 1978), *aff'd*, 609 F.2d 504 (3d Cir.1979) (citing *Thomas v. Thomas Flexible Coupling Co.*, 353 Pa. 591, 46 A.2d 212 (1946)); *see also Rossmassler v. Speilberger*, 270 Pa. 30, 41, 112 A. 876, 880 (1921) ("Apart from contracts which, from their inherent nature, imply a power of revocation, it

would seem that the intention of the parties to an agreement that it should be perpetual and without limit as to duration could not be more properly expressed than by silence as to any time limit or power of revocation."); *American Type Founders v. Lanston Monotype Mach. Co.*, 137 F.2d 728, 730–31 & n. 2 (3d Cir.1943) (same). Rather, the district court had to assume that the defendants breached an agreement not to use "current contents" when it addressed plaintiff's allegation of bad faith. The scope of any remedy is not relevant to the use of the breach on the bad faith issue.

9. This fact, by itself, distinguishes *Munters*. In that case, the defendant conformed to its understanding of the agreement. *See id.* at 792.

half years, and then chose to revert back and use "current contents" in the subtitle. This behavior supports a possible inference that defendants intended to trade upon and dilute the good will represented by the CURRENT CONTENTS mark, *see Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1423 (9th Cir.1984) (stating that "choice of phrase ... when other phrases were available could indicate intent to trade on ... good will and product identity."), and thus, to engage in intentional infringement.

We conclude that plaintiff's allegations raised material issues of fact as to the defendants' good faith. Consequently, the defendants were not entitled to judgment as a matter of law, and the district court erred by granting judgment on the pleadings. *See Hal Roach Studios,* 896 F.2d at 1550 (stating that "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue").

### C. Incontestability and Descriptive Trademarks

■ Plaintiff's third contention of error is that the district court erred by concluding that CURRENT CONTENTS was clearly descriptive because that determination is inconsistent with the Supreme Court's ruling in *Park 'N Fly v. Dollar Park 'N Fly,* 469 U.S. 189, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985).

Although disposition of plaintiff's appeal does not require us to address this contention, we believe that this legal issue will arise again on remand. Thus, in the interest of judicial economy, we consider plaintiff's contention that *Park 'N Fly* foreclosed the district court from determining that plaintiff's incontestable mark, CURRENT CONTENTS, is "clearly descriptive."

In *Park 'N Fly,* the Supreme Court held that "the holder of a registered trademark may rely on incontestability to enjoin infringement and that such action may not

be defended on the grounds that the mark is *merely* descriptive." *Id.* 469 U.S. at 205, 105 S.Ct. at 667 (emphasis added). The district court did not, however, conclude that plaintiff's mark was "merely descriptive," and was not addressing the validity or incontestability of plaintiff's CURRENT CONTENTS mark.

The district court determined that CURRENT CONTENTS was "clearly descriptive" (App. at 391), as this was necessary before deciding whether defendants could avail themselves of the fair use defense. *See* 1 *Trademarks,* at 475 (the fair use defense presupposes that the mark is descriptive); *see also Ringling Bros.-Barnum & Bailey v. Celozzi-Ettelson Chevrolet,* 855 F.2d 480, 484 (7th Cir.1988) (stating that the fair use defense requires that the defendant's use merely describe the goods or services offered); *Cullman Ventures, Inc. v. Columbian Art Works, Inc.,* 717 F.Supp. 96, 133 (S.D.N.Y.1989) (fair use defense unavailable when mark was suggestive). That defense is one of the seven enumerated defenses in the Lanham Act explicitly recognized by the Supreme Court as exceptions to the registrant's exclusive right to use an incontestable mark. *Park 'N Fly,* 469 U.S. at 196, 199 n. 6, 105 S.Ct. at 662, 664 n. 6 ("If one of the defenses is established, registration constitutes only prima facie and not conclusive evidence of owner's right to exclusive use of the mark."); *see also Ringling Bros.,* 855 F.2d at 483; 1 *Trademarks,* § 11:17 at 479. Thus, the district court's conclusion that CURRENT CONTENTS was "clearly descriptive" is not inconsistent with the Supreme Court's holding in *Park 'N Fly,* and the district court did not commit legal error.[10]

### D. Judicial Notice

Plaintiff's final contention of error is that the district court erred by taking judicial notice of the fact that the Third Circuit Library uses the label "current contents"

---

10. We emphasize that we are not deciding whether the district court's determination that plaintiff's mark is clearly descriptive was correct. Rather, we have only rejected plaintiff's contention that under *Park 'N Fly* the district court should not have determined whether plaintiff's mark is descriptive.

to describe the collection of tables of contents of current law reviews it circulates to members of the judiciary. In view of our decision to remand this case, if the district court desires to consider the possibility of taking judicial notice of the circulated material, it should proceed in accordance with Fed.R.Evid. 201.

### E. Breach of Contract

 Finally, at oral argument, plaintiff's counsel contended that the district court's dismissal of its separate breach of contract claim was appealed. In support of that position, counsel directed this court to the following passage in plaintiff's opening brief:

> Finally, taking the facts pleaded by plaintiff on the issue of the agreement as true, i.e. that plaintiff and defendants entered into an agreement and that such agreement was breached, it is inconceivable that defendants were entitled to judgment as a matter of law. Plaintiff submits that the conduct of honoring the agreement over a period of four years is the strongest possible evidence of its *validity*.

(Appellant's brief at 20–21) (emphasis added).

The quoted passage contains plaintiff's argument that the district court erred by not assuming the "validity" of the agreement. The district court, however, assumed that a valid agreement existed, and determined that plaintiff's contract claim should be dismissed because any agreement was "terminable at will" and only remediable by a trademark infringement action, which plaintiff had brought. (App. at 395–96.) Nowhere in the "Statement of the Issues Presented" or the "Argument" section of plaintiff's appellate brief are those conclusions questioned. We conclude, therefore, that under Fed.R.App.P. 28(a)(2)–(4), plaintiff abandoned its breach of contract claim. *See Dagget v. Kimmelman,* 811 F.2d 793, 795 n. 1 (3d Cir.1987) (stating that "[b]y failing to raise this issue in their original briefs, appellants simply did not appeal the district court's conclusion"); *see also* 16 C. Wright, A. Miller, E.

Cooper & E. Gressman, *Federal Practice and Procedure,* § 3975, at 421–22 (1977) ("to assure consideration of an issue by the court, the appellant must both raise it in the 'Statement of the Issues' and pursue it in the 'Argument' portion of the brief").

Our conclusion here does not mean that the existence of the agreement is not relevant to whether the defendants used the words "current contents" fairly and in good faith, an argument plaintiff does raise. *See supra* at note 8.

### III. CONCLUSION

The judgment of the district court will be vacated and the matter remanded for further proceedings consistent with this opinion.