**Anthony E. DeFIORE**

v.

**Joseph C. VIGNOLA.**

Civ. A. No. 93–CV–1156.

United States District Court,
E.D. Pennsylvania.

June 10, 1993.

**316**

Leonard Zack, Leonard Zack and Associates, Philadelphia, PA, for plaintiff.

E. Jane Hix, Asst. City Sol., Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil action has been brought before the Court by the Defendant's Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment. The motion is denied for the reasons delineated below.

### I. STATEMENT OF THE CASE

According to the allegations set forth in the amended complaint, in June, 1991, the plaintiff Anthony DeFiore, joined the staff of an organization known as "Leadership for Philadelphia's Tomorrow." The purpose of that organization was to ensure the election of defendant Joseph C. Vignola to the position of City Councilman for Philadelphia's First District. Defendant was subsequently elected to that position in November, 1991 and took office in January, 1992. Upon Mr. Vignola's taking office, Mr. DeFiore assumed the position of Director of Constituent Services. Plaintiff thereafter worked in that capacity in Defendant's City Hall office until November 16, 1992 when Defendant terminated him. Inasmuch as Plaintiff had been an employee and supporter of former First District City Councilman Jimmy Tayoun prior to his affiliation with the Defendant, Plaintiff submits that he was terminated for political reasons and that his termination was in violation of public policy and his right to free political association as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

In response to this Amended Complaint, the Defendant filed an Answer with Affirmative Defenses in which he admitted that the Plaintiff had worked for him as Director of Constituent Services for eleven months but denied that Plaintiff had been terminated for any reason other than for cause. Defendant denied that Plaintiff had been dismissed because of his political affiliation with former Councilman Tayoun. In addition, Defendant asserted, *inter alia,* the defense of qualified immunity from suit.

### II. DISCUSSION

■ Under Fed.R.Civ.P. 12(c), a motion for judgment on the pleadings may be made "after the pleadings are closed but within such time as not to delay trial." In considering such a motion, the court must accept all of the factual allegations of the complaint as true. *Paskvan v. Cleveland Civil Service Commission,* 946 F.2d 1233, 1235 (6th Cir. 1991). Thus, viewing all of the facts in a light most favorable to the non-moving party and accepting as true the allegations in that party's pleadings and as false all controverted assertions of the movant, the court may only grant the motion if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991); *Haynesworth v. Miller,* 820 F.2d 1245, 1249, n. 11 (D.C.Cir.1987). An order granting a motion for judgment on the pleadings is only appropriate where there is no dispute as to the material facts and it is clear that one party is entitled to judgment as a matter of law. *Institute for Scientific Information, Inc. v. Gordon and Breach,* 743 F.Supp. 369, 373–374 (E.D.Pa.1990) *cert. denied,* —— U.S. ——, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991); *Damron v. Smith,* 616 F.Supp. 424, 425 (E.D.Pa.1985).

The principles to be applied in resolving summary judgment motions, on the other hand, are firmly established in Fed.R.Civ.P. 56(c). That rule states, in pertinent part,

that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...." It is in this manner that a motion for summary judgment mandates that the courts look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287 (D.C.Cir.1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988). *See Also: Aries Realty, Inc. v. AGS Columbia Assoc.*, 751 F.Supp. 444 (S.D.N.Y.1990).

Generally speaking, the party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and all reasonable inferences from the facts must be drawn in favor of that party as well. *United States v. Kensington Hospital*, 760 F.Supp. 1120 (E.D.Pa. 1991); *Schillachi v. Flying Dutchman Motorcycle Club*, 751 F.Supp. 1169 (E.D.Pa. 1990). Summary judgment may not be granted, though, if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed. *Nathanson v. Medical College of Pennsylvania*, 926 F.2d 1368, 1380 (3rd Cir.1991); *Santiago v. Temple University*, 739 F.Supp. 974, 977 (E.D.Pa.1990).·

██ It is equally well-settled that dismissal of government employees because of their political affiliations and beliefs is unquestionably a violation of their First Amendment rights to freedom of association. *Elrod v. Burns*, 427 U.S. 347, 356–57, 96 S.Ct. 2673, 2681, 49 L.Ed.2d 547 (1976);

*Louhgney v. Hickey*, 480 F.Supp. 1352, 1361 (M.D.Pa.1979). It should be noted, however, that "freedom of association," while protecting the rights of citizens to engage in "expressive" or "intimate" association does not protect every form of association and is not without its limitations. *See: United States v. Frame*, 885 F.2d 1119, 1131 (3rd Cir.1989) *cert. denied*, 493 U.S. 1094, 110 S.Ct. 1168, 107 L.Ed.2d 1070 (1990). Rather, restraints on First Amendment protections are permitted for appropriate reasons, but are subject to and must survive exacting scrutiny. *Elrod v. Burns, supra*, 427 U.S. at 360–61, 96 S.Ct. at 2683–2684. Stated otherwise, unless the government can demonstrate an overriding interest of vital importance, requiring that a person's private beliefs conform to those of the hiring authority, his beliefs cannot be the sole basis for depriving him of continued public employment. *Branti v. Finkel*, 445 U.S. 507, 515–516, 100 S.Ct. 1287, 1293, 63 L.Ed.2d 574 (1980).

██ In this regard, it has been held that some patronage dismissals are permissible without any offense to the First Amendment. *Brown v. Trench*, 787 F.2d 167, 168 (3rd Cir.1986). In ascertaining when such a dismissal may be constitutionally permissible, the question is whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved. *Stott v. Haworth*, 916 F.2d 134, 140 (4th Cir.1990) citing *Branti v. Finkel*, 445 U.S. at 518, 100 S.Ct. at 1295. While it is not always easy to determine whether political affiliation is a legitimate element in the performance of a particular job and each decision is fact specific for that case, such factors as (1) the nature of the employee's responsibilities and whether those responsibilities resemble those of a policymaker or one who is privy to confidential information; and (2) whether the position involves government decisionmaking on issues where there is room for political disagreement on goals or their implementation are relevant considerations. *Zold v. Township of Mantua*, 935 F.2d 633, 637–38 (3rd Cir.1991); *Stott v. Haworth, supra*, at 142; *Brown v. Trench, supra*, at 169–170.

By way of the motion which is now before the Court, Defendant argues that Mr. DeFiore has failed to state a cause of action for which relief can be granted (1) because he held a position for which political affiliation was a valid requirement and (2) because the complaint fails to show that his dismissal was politically motivated. Alternatively, Defendant argues that Plaintiff's suit is barred by the doctrine of qualified immunity.[1]

At the outset, it should be noted that this argument is best raised by means of a motion to dismiss pursuant to Rule 12(b)(6). That said, viewing the Defendant's assertion in the guise of the standards governing a motion for judgment on the pleadings and/or for summary judgment, we cannot find that there are no disputed factual issues or that Mr. Vignola is entitled to judgment in his favor as a matter of law. Indeed, while we find that Plaintiff's complaint is rather inartfully pled, he has nevertheless presented this Court with a claim that his constitutional right to freedom of association was abridged when the Defendant terminated him. At present, there is virtually no evidence whatsoever in the record of this case as to what Mr. DeFiore's job responsibilities and duties were as the Director of Constituent Services, or whether the position involved government decision or policymaking or required a confidential relationship with Mr. Vignola. Likewise, the Defendant has not made any evidentiary showing that political affiliation is an appropriate requirement for the effective performance of the job in question. Finally, there is no record evidence such as would show that Plaintiff was or was not terminated for cause or for his previous political affiliation with former Councilman Tayoun. Clearly then, we cannot determine whether or not the Defendant is entitled to the entry of judgment in his favor as a matter of law at this juncture. The motion is therefore denied pursuant to the attached order.

ORDER

AND NOW, this 10th day of June, 1993, upon consideration of Defendant's Motion for Judgment on the Pleadings, or in the Alternative for Summary Judgment, it is hereby ORDERED that the Motion is DENIED.

---

1. As a general rule, qualified immunity protects government officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Winn v. Lynn,* 941 F.2d 236, 239 (3rd Cir.1991). Insofar as Mr. Vignola has been accused of violating Plaintiff's clearly-established constitutional right to freedom of association, we find that an insufficient basis exists to enter judgment in Defendant's favor on the qualified immunity doctrine. The motion is therefore denied on this ground as well.