Elizabeth **HOCH** and Nicholas Parslow, Plaintiffs,

v.

Donald F. **PHELAN**, Defendant.

**Civ. No. 91–4018 (HLS).**

United States District Court, D. New Jersey.

June 26, 1992.

---

George Sommers, Hoboken, N.J., for plaintiffs.

David Dembe, Deputy Atty. Gen., Trenton, N.J., for defendant.

## OPINION

SAROKIN, District Judge.

Before the court is plaintiff's motion for class certification in this facial challenge to New Jersey's "Election Contest Subpoena Laws." Plaintiffs propose that the class be defined as "all people who are registered to vote, or eligible to register to vote, in the State of New Jersey." Cplt. ¶ 5. Defendant Donald Phelan, the Acting Clerk of the Law Division and of the Chancery Division of the Superior Court of New Jersey, as represented by the New Jersey Attorney General's Office (hereinafter "the State"), opposes plaintiffs' motion and cross-moves to dismiss the Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

In its sur-reply brief, the State concedes that its motion pursuant to 12(b)(6) is untimely in this post-answer context, but asks that the court treat its application as one for judgment on the pleadings pursuant to Rule 12(c) or for summary judgment pursuant to Rule 56. Def. Sur–Reply Brief at 1. Although plaintiffs protest that a motion for summary judgment is improper given defendant's failure to file a statement of undisputed facts pursuant to Local Rule 12(G), plaintiffs concede that the court may properly consider defendant's motion as one for judgment on the pleadings pursuant to Rule 12(c). Plt. Sur-Reply Brief at 4, 6 n. 1. Accordingly, the court will treat defendant's motion as one for judgment on the pleadings pursuant to Rule 12(c).

*Background*

In this case, there are no disputed material facts. Plaintiffs challenge the facial validity of the so-called "Election Contest Subpoena Laws," which are comprised of Chapter 29 of the New Jersey Statutes governing "Contest of Nominations or Elections," N.J.S.A. 19:29–1 *et seq.*, Rule 1:9 of the Rules Governing the Courts of the State of New Jersey, and Rule 31 of the New Jersey Rules of Evidence. *See* Cplt., "Prayer for Relief" ¶ 3. The parties do not dispute the nature and operation of the election contest subpoena laws, which operate as follows.

Whenever there is an election contest, the court may issue subpoenas to relevant witnesses, including voters. N.J.S.A. 19:29–6. The subpoenas are issued pursuant to Rule 1:9 of the Rules Governing the Courts of the State of New Jersey, which governs the issuance of all subpoenas for all purposes in the State. *See* Cplt. Exh. B. (subpoenas issued to plaintiffs). In the event that the election is contested because of alleged illegal voting, the subpoenaed witnesses/voters must testify in open court in order for the court to make a determination whether each individual voted legally. N.J.S.A. 19:29–7 ("The judge may require any person called as a witness who voted at such election to answer [questions] touching his qualification as a voter....").[1] If the court determines that an illegal vote was cast, the court may compel the illegal voter to disclose the nature of her vote in order to expunge that illegally cast vote. *Id.;* New Jersey Rule of Evidence 31 ("Every person has a privilege to refuse to disclose the tenor of his vote at a political election unless the judge finds that the vote was cast illegally").

Plaintiffs contend that this system violates their due process rights and abridges their First Amendment rights of free ex-

---

1. New Jersey requires that a voter reside in the district in which they are registered and that they vote exclusively in that district. N.J.S.A. 19:4–1.

pression and association. Cplt. ¶¶ 39–40. Plaintiffs specifically object to the fact that, like any subpoena issued in New Jersey, an election contest subpoena need only state the name of the court, the title of the action, and the time and place at which the witness must appear to give testimony. Cplt. ¶ 14; Rule 1:9–1.[2] As described by plaintiffs, "[t]he very essence of this case is that the Election Contest Subpoena Laws place all New Jersey voters at risk that they will be haled into court without adequate notice for the twin purposes of disclosing and expunging their votes." Plt. Brief at 7. Plaintiffs challenge the facial validity of the subpoena procedure as applied in the election contest process. They seek declaratory and injunctive relief "to halt this systematic violation of constitutional and civil rights." Plt. Brief at 7.

*Discussion*

■ Before considering plaintiffs' motion for certification of the class they seek to represent, the court must consider defendant's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), originally filed as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

> [B]ecause [defendant] filed its motion after it had already filed an answer, the motion must be considered a Rule 12(c) motion. Nevertheless, Rule 12(h)(2) provides that a defense for failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings. In this situation, we apply the same standards as under Rule 12(b)(6).
>
> Therefore, we must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The court can grant the

motion] only if no relief could be granted under any set of facts that could be proved.

*Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir.1991) (citations omitted). Accordingly, the court will apply the 12(b)(6) standard for a motion to dismiss in reviewing plaintiffs' Complaint. Judgment on the pleadings is particularly appropriate where, as here, there are no disputed material facts at this early stage of the litigation and a party is entitled to judgment as a matter of law. *Institute for Scientific Inf. v. Gordon & Breach*, 931 F.2d 1002, 1005, 1008 (3d Cir.1991).

It is important to emphasize that plaintiffs are *not* challenging the court's right to compel voter-witnesses either to appear or to disclose the tenor of their vote. Rather, plaintiffs challenge the subpoena procedure as applied in this context. Plaintiffs complain that the issuance of a subpoena on short notice, without indicating the nature of the court's inquiry, violates New Jersey voters' due process rights and abridges their First Amendment rights. Given the immediate and formal nature of the proceeding, which can instantly strip a voter of her cast ballot, plaintiffs contend that the current procedures provide insufficient process in light of the fundamental rights which are ultimately at stake.

At oral argument, the State acknowledged that fundamental constitutional rights are at stake (despite the fact that the U.S. Constitution does not guarantee the right to vote in state elections). Nonetheless, the State argues that plaintiffs have failed to state a claim for three reasons: (1) the receipt of subpoenas itself does not result in the deprivation of a constitutionally protected right; (2) the state court procedures under which the subpoe-

---

2. The subpoenas issued to the name plaintiffs in this action also included the following notice: YOU ARE TO PRODUCE TRUE AND ORIGINAL COPIES OF THE FOLLOWING DOCUMENTS:
1. NEW JERSEY DRIVERS LICENSE
2. FEDERAL TAX RETURNS AND W–2's and 1099's for the years 1988 & 1989
3. NEW JERSEY TAX RETURNS FOR 1988 & 1989
4. TELEPHONE AND UTILITY BILLS FOR APRIL THROUGH AUGUST 1990 SHOWING YOUR ADDRESS
5. LEASES OR RENT RECEIPTS IF AVAILABLE FOR THE MONTHS APRIL THROUGH AUGUST 1990
Def. Reply Brief and Appendix.

nas are issued afford sufficient due process under the circumstances; and (3) plaintiff's claims have been previously adjudicated in their completed state court proceeding to quash their subpoenas.

■ As for defendant's third argument, the State concedes that plaintiffs did not raise the instant constitutional claims before the state court. However, defendant argues, plaintiffs *could* have raised the same arguments in the earlier proceeding, and therefore, plaintiffs are barred from collaterally attacking the denial of their motion to quash. Defendant's *res judicata*/collateral estoppel argument is unavailing. The instant facial challenge to the subpoena system in no way operates as a collateral attack on the concluded, previous action to quash individual subpoenas. Although plaintiffs could have raised their constitutional arguments in that proceeding, the instant action is sufficiently different in its challenge and scope such that it does not constitute a "second bite of the apple."

■ Defendant's first argument—that the election contest subpoenas do not deprive voters of any substantive constitutional right—responds to plaintiffs' contention that the election contest subpoena laws abridge their First Amendment rights of free expression and association. Plaintiffs' "abridgement" claim is based on the fact that voters are "required to testify for the purpose of proving they voted illegally, so that the nature of the votes they cast would be disclosed and expunged." Cplt. ¶ 40. To the extent that plaintiffs' claim might be based on the compulsion to appear in the context of an election contest (although plaintiffs do not appear to object to this), defendant correctly points out that plaintiffs have not identified any basis for asserting a right to refuse to respond to the subpoenas. *See generally U.S. v. Bryan*, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950) ("there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional") (citations omitted); 8 *Wigmore on Evidence* § 2192. In addition, to the extent that plaintiffs' claim is based on requiring voting disclosures, defendant correctly points out that voters have no right to vote illegally. Plaintiffs themselves recognize that under the election contest laws, the court must first determine whether a vote was illegally cast before requiring the illegal voter to disclose the nature of her vote. Thus, the compelled disclosure of a person's vote cannot impact on a witness's protected constitutional rights. Accordingly, plaintiffs' have failed to state a claim based on the direct abridgement of their First Amendment rights.

■ Moreover, although the Complaint explicitly asserts that the subpoenas abridge plaintiffs' First Amendment rights, as described in the Complaint and in plaintiffs' supporting Memorandum, plaintiffs' "abridgement" claim is essentially a part of their due process claim. As stated in the Complaint:

> The plaintiffs' First Amendment guarantees of expression and association were unconstitutionally abridged when they were required to testify for the purpose of proving they voted illegally, so that the nature of the votes they cast would be disclosed and expunged, *without first being given adequate and written notice of the legal and factual bases that would be relied upon* to prove they voted illegally.

Cplt. ¶ 40 (emphasis added). As evident from plaintiffs' own presentation of their claim, plaintiffs' fundamental claim is that the state court procedures under which the subpoenas are issued do not afford "adequate notice" or process. Thus, the court turns to plaintiffs' primary claim that the subpoena procedure does not afford sufficient due process in light of the fundamental rights at stake.

In *Matthews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), the Supreme Court held:

> [I]dentification of the dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest

through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail.

Thus, the court must "balance" the competing interests at stake. *See also Vargas v. Calabrese*, 634 F.Supp. 910, 928 (D.N.J. 1986), citing *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S.Ct. 1564, 1570, 75 L.Ed.2d 547 (1982).

Defendant argues that the procedural safeguards and judicial context of the proceedings "virtually negate[ ] plaintiffs' assertion that the legal process they received was insufficient." Def. Brief at 8. The court agrees.

The court concludes that there is no basis for plaintiffs' contention that the election contest subpoenas afford inadequate notice or process, even in light of the fundamental rights at issue in the election contest proceedings. As stated in the Complaint, plaintiffs would be satisfied if the subpoenas simply apprised them of the legal and factual bases for the inquiry into the validity of their vote, and of the fact that the inquiry regards the legality of their vote. Cplt. ¶ 37 (plaintiffs' proposed "example of what is sought"). However, no subpoena issued—either in New Jersey or pursuant to the Federal Rules of Civil Procedure—requires such an explanation.[3] Indeed, plaintiffs have not cited a single exception to the general subpoena requirements, which apply in every suit—even where constitutional rights such as the Fifth Amendment and the right to liberty are at stake.

The court cannot conclude that the general operation of the election contest subpoena laws is any more threatening to voters' rights than are the challenge provisions upheld in *Vargas v. Calabrese*, 634 F.Supp. 910 (D.N.J.1986). In that case, Judge Debevoise upheld the New Jersey election procedures which authorize designated "challengers" to question individuals at the polling place regarding their voting qualifications, without any prior notice. Based on this impromptu inquiry, a majority of the district board may deny a potential voter a ballot. *Id.* at 923–24; N.J.S.A. 19:15–24. Thus, the procedures upheld in *Vargas* are, if anything, more threatening to a voter's fundamental rights than are the election subpoena laws, which at least give some notice of the proceedings based on the caption of the case.[4]

While recognizing that this is a facial challenge, the facts of plaintiffs' own experience with their election contest subpoenas indicate that subpoenaed voters are afforded full procedural safeguards before they are required to disclose the nature of their vote. Plaintiffs retained counsel prior to the date of their appearance, secured a stay of the appearance, moved to quash the subpoenas, and applied for an interlocutory appeal of the denial of their motion to quash, all before plaintiffs were required to appear at the noticed proceeding. At the hearing, plaintiffs' counsel was entitled to prove that plaintiffs had voted legally, and the court never required plaintiffs to reveal the nature of their vote because the court first determined that plaintiffs had voted legally. Cplt. ¶¶ 31–35.

---

**3.** Indeed, the court is unaware of any situation in which due process requires that a subpoena apprise the recipient of the nature of the proceedings. *See e.g., State v. Doliner*, 96 N.J. 236, 250, 475 A.2d 552 (1984) (grand jury witnesses, even targets, have no right to prior notice of the subject matter under investigation).

Of course, like all New Jersey subpoenas, the election contest law subpoenas must provide the caption of the proceeding. For example, the caption of the subpoenas issued to the name plaintiffs was: "In re the July 10th, 1990 Election on the Public Question in the City of Hobo-

ken, County of Hudson and the State of New Jersey."

**4.** The balancing reflected in the *Vargas* decision is slightly different from the inquiry here given the different state interests at issue in the voter challenge laws. *See Vargas*, 634 F.Supp. at 930 and n. 5 (recounting history of voter fraud due to ineffective challengers). However, as described *infra*, this court concludes that recipients of voter subpoenas have the full procedural safeguards of the judicial system available to them, thereby obviating the need for any further detailed notice.

Although plaintiffs' counsel suggested at oral argument that despite his requests, the court refused to apprise him of the nature of the inquiry, the State conceded at oral argument that "fundamental fairness" demands that subpoenaed voters be apprised of the nature of the proceedings upon further inquiry. The State further suggested that plaintiffs' counsel was in fact made aware of the basis for the subpoenas during the course of the motion to quash. To the extent that a court may rebuff some subpoenaed voters' requests for further information (as plaintiffs claim they were), this would be an instance of a system that is not operating according to its own design. But given the State's concession that voters are entitled to the information upon further inquiry, such a possibility does not render the entire subpoena regime facially invalid. *See Vargas*, 634 F.Supp. at 930 ("problem ... not caused by following the state election law[;] rather it was caused by violations of that law").

In light of all the process and safeguards available to voters after an election contest subpoena is served (which process notably contrasts with the much less stringent safeguards utilized in other subpoena and election contexts), the court concludes that there is no basis for plaintiffs' argument that voters are not afforded adequate process to protect their fundamental rights. The due process clause of the Constitution does not require additional explanations and descriptions within New Jersey election contest subpoenas.

*Conclusion*

Although the Complaint filed herein shall be dismissed, plaintiffs may have valid reasons to complain about the abuse of the subpoena power conferred by the statute. If such abuses do occur, plaintiffs have other remedies available to them to enjoin and prohibit such activity. The subpoena should not be utilized as a means of harassing voters or discouraging them from the free exercise of their right to vote.

For the forgoing reasons, the court grants defendant's judgment on the pleadings, and accordingly, does not reach plain-

tiff's motion for class certification. The Complaint will be dismissed.