

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2006

# Williams v. LaCrosse

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2568

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Williams v. LaCrosse" (2006). *2006 Decisions*. Paper 1147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2568
_____

WILLIAM E. WILLIAMS,
                                        Appellant
v.

THOMAS J. LaCROSSE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 03-cv-06724
(Honorable Gene E.K. Pratter)
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2006

Before: FUENTES, STAPLETON and ALARCÓN,* *Circuit Judges*.

(Filed: May 8, 2006)
_____

OPINION OF THE COURT
_____

ALARCÓN, *Circuit Judge*.

_____

*The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

William E. Williams appeals from the District Court's judgment in favor of Captain Thomas J. LaCrosse. Mr. Williams, a former probationary trooper with the Pennsylvania State Police, brought a claim under 42 U.S.C. § 1983 against Capt. LaCrosse, his supervisor. He alleged that Capt. LaCrosse's recommendation regarding discipline, which resulted in his discharge, violated his rights to procedural and substantive due process, equal protection, and free speech. The District Court granted Capt. LaCrosse's motion for summary judgment. In this appeal, Mr. Williams argues that there are genuine issues of material fact with regard to his procedural due process claim, as it pertains to his asserted liberty interest in his reputation.[1] We affirm.

Mr. Williams argues that he was denied procedural due process. Specifically, he contends that because the accusations against him impugned his reputation and

---

[1]Mr. Williams also argues that he was deprived of his property interest in his employment without due process of law and that he was denied equal protection. However, he does not raise these arguments until his reply brief. An argument not raised and argued in the opening brief is abandoned. *See, e.g.*, *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (holding that all issues must be raised and argued in the opening brief); *Institute for Scientific Info., Inc. v. Gordon & Breach, Science Publishers, Inc.*, 931 F.2d 1002, 1011 (3d Cir. 1991) (same). In order to raise an argument properly, "the appellant's brief shall contain under appropriate headings a 'statement of the issues presented for review' and . . . the argument section of the brief [must] 'contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.'" *Lunderstadt v. Colafella*, 885 F.2d 66, 78 (3d Cir. 1989) (quoting Fed. R. App. P. 28(a)(2) and (4)). Mr. Williams's opening brief contains no argument or citation to authority with regard to his property interest and equal protection claims. Therefore he has abandoned these claims.

deprived him of his employment, he was entitled to a "name-clearing hearing." *Ersek v. Township of Springfield*, 102 F.3d 79, 83-84 (1996). Mr. Williams argues: "[t]hat interest, however, is not accorded substantive due process protection; rather, the right accorded is that of procedural due process or more specifically the right to an opportunity to refute the charges and clear one's name." (Appellant's Br. 51).

"[I]t is well established that failure to raise an issue in the district court constitutes a waiver of the argument." *Medical Protective Co. v. Watkins*, 198 F.3d 100, 105-06 n.3 (3d Cir. 1999) (quoting *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1298 (3d Cir. 1991)). Mr. Williams failed to argue to the District Court that the alleged deprivation of his liberty interest, without procedural due process, violated his rights. In the memorandum he filed in the District Court in opposition to Capt. LaCrosse's motion for summary judgment, he argued:

> [P]laintiff was terminated from his protected position under circumstances that were likely to, and did, cause harm to his reputation together with the extinguishment of his protected position, all of which are in violation of his rights protected by the First and Fourteenth Amendments. *See generally Clark v. Twp. Of Falls*, 890 F.2d 611 (3d Cir. 1989).

He did not offer further explanation. Nor did he mention his liberty interest in his reputation during the oral argument before the District Court.

The District Court understood Mr. Williams's argument to be that he was deprived of *substantive* due process. The District Court concluded,

3

> Although it is challenging to discern from the face of the complaint or his Opposition Memo, Mr. Williams seems to assert that his substantive due process claim arises from the fact that his termination caused harm to his reputation that, when considered with the termination of his employment, constituted a due process violation in the form of a violation of his right to liberty.

The District Court analyzed Mr. Williams's claim using standards applicable to substantive due process. The District Court did not address Mr. Williams's claim in terms of procedural due process. Mr. Williams did nothing to correct this understanding of his claims. Accordingly, the District Court did not have an opportunity to consider the argument Mr. Williams now raises. *See Lugar v. Texaco, Inc.*, 755 F.2d 53, 57 n.2 (3d Cir. 1985) (noting that because "of the failure to present the issue below, the district court did not make any findings . . . .").

Mr. Williams failed to argue below that he was deprived of his liberty interest without procedural due process. He therefore waived the only argument he raises on appeal.

For the foregoing reasons, we will affirm the judgment of the District Court.

4