**Parlindungan SINAGA, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–3308.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 13, 2007.

Filed: Dec. 26, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Richard M. Evans, Nancy E. Friedman, Joan E. Smiley, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER and AMBRO, Circuit Judges POLLAK,* District Judge.

OPINION

AMBRO, Circuit Judge.

Parlindungan Sinaga, a native and citizen of Indonesia, petitions our Court for review of a decision by the Board of Immigration Appeals affirming the order of an Immigration Judge to remove him from the United States. We deny his petition for review.

Sinaga seeks asylum and withholding of removal based on his religious beliefs, which place him in the minority in Indonesia. He practices Catholicism devoutly and now plays an active role in his church

in New Jersey. But in Indonesia, growing up Catholic subjected him to bullying in junior high school. After moving to Bandung, in Java, to attend college in the late 1980s, Sinaga began to experience more serious harassment. He attests that native Muslims frequently threw stones at Catholic church members' houses during nighttime prayer sessions. On the way home from nighttime prayers, he would often have to escape taunting or stone-throwing. In 1998, riots against Christians of Chinese ethnicity in Indonesia convinced Sinaga that the religious violence had become too severe for him to remain in Indonesia safely. He came to the United States two years later.

Arriving in the United States in November 2000, Sinaga overstayed his visa. He first applied for asylum in March 2003 and applied again in February 2004. The former Immigration and Naturalization Service issued him a Notice to Appear in May 2004, initiating removal proceedings. At a preliminary hearing before an IJ on August 17, 2004, Sinaga conceded that he was subject to removal but sought asylum, withholding of removal under the Immigration and Naturalization Act, and relief under the Convention Against Torture ("CAT"). On February 10, 2005, after a full hearing during which Sinaga testified and submitted evidence of discrimination and violence against Christians in Indonesia, the IJ denied his claims. The BIA affirmed on June 8, 2006.

■ To claim asylum, Sinaga needed to file within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Having admittedly missed that deadline, he must demonstrate at the agency level that extraordinary circumstances prevented timely filing or that changed circum-

* Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

stances (that is, deteriorating conditions) exist in his native country. *Id.* § 1158(a)(2)(D). Sinaga alleges that changed circumstances exist, but we as a Court of Appeals have no jurisdiction to review this factual claim with respect to his untimely asylum petition. 8 U.S.C. § 1158(a)(3); *see Sukwanputra v. Gonzales,* 434 F.3d 627, 634–35 (3d Cir.2006).

■ Although Sinaga's petition for review mentions a claim for relief under the CAT, *see* Pet. ¶ 5, that claim does not appear in the "Statement of Issues Presented for Review" of his opening brief to us and does not receive any subsequent discussion in the brief. We agree with the Government that Sinaga has waived this claim by failing to address it in his brief. Fed. R.App. P. 28(a)(8)–(9); *see, e.g., Inst. for Scientific Info. v. Gordon & Breach, Sci. Publishers, Inc.,* 931 F.2d 1002, 1011 (3d Cir.1991).

■ Only Sinaga's claim for withholding of removal remains. *See* 8 U.S.C. § 1231(b)(3)(A). We have jurisdiction to review the denial of this claim under 8 U.S.C. § 1252(a)(1). The BIA affirmed the IJ's decision with its own opinion, which we review for substantial evidence. *Id.* § 1252(b)(4)(A)–(B); *see also Abdulai v. Ashcroft,* 239 F.3d 542, 548–49 & n. 2 (3d Cir.2001). "Under the substantial evidence standard, the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft,* 242 F.3d 477, 483–84 (3d Cir.2001) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

To qualify for withholding of removal, Sinaga must demonstrate it is "more likely than not" that he will suffer persecution in Indonesia as a result of his religion. *INS v. Stevic,* 467 U.S. 407, 424, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984); *see also Janusiak v. INS,* 947 F.2d 46, 47 (3d Cir.1991). Substantial evidence supports the BIA's

decision that Sinaga's past experiences of taunting do not rise to the level of persecution, meaning "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life and freedom." *Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir.1993). Moreover, substantial evidence supports the BIA's conclusion that no "pattern or practice" of persecution against Christians has emerged in Indonesia in the years applicable to this case. Sinaga's family members continue to practice Catholicism in Indonesia, and Sinaga himself remained in Indonesia for two years after the events that triggered his immigration to the United States. Thus, he does not have an objectively reasonable fear of future persecution and has fallen well short of the "more likely than not" standard required for withholding of removal.

For the foregoing reasons, the petition for review is denied.