**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1898
_____

GREGORY HICKMAN,
                              Appellant

v.

AMAZON FULLFILMENT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-01119)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2016

Before: VANASKIE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 4, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Gregory Hickman appeals the dismissal of his Complaint for failure to exhaust administrative remedies. We will affirm.

I.

Because we primarily write for the parties, we recite only the background necessary for our discussion. In September of 2015, Hickman and Ms. Parry Kennedy filed a Complaint against Appellee Amazon Fullfilment (sic) ("Amazon"). App. at 10. This three-sentence Complaint seemingly alleged discrimination and a workplace injury.[1] Amazon filed a Motion to Dismiss the Complaint for multiple reasons, which the District Court granted without prejudice for failure to exhaust administrative remedies. App. at 50, 53.

On January 7, 2016, Hickman filed an Amended Complaint.[2] App. at 12. The Amended Complaint stated that Hickman had an employment contract with Kelly Services, Inc. ("Kelly") under which he performed temporary services for Amazon from November 2014 to August 2015. Additionally, the Amended Complaint made no statements relating to any claim for discrimination; rather, Hickman merely described his

---

[1] The nature of these claims was unclear, but the District Court described them as follows: "Plaintiff has potentially invoked federal laws such as Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., the American with Disabilities Act, 42 U.S.C. § 12101, et seq., or the Rehabilitation Act, 29 U.S.C. § 701, et seq. He also may have raised state law causes of action under the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951 et seq., for wrongful termination or negligence or some other theory resulting from his sustaining a workplace injury." App. at 3.

position at Kelly and an injury he had suffered prior to working for that company. He made several oblique references to workplace violence that were incomprehensible. Finally, the Amended Complaint again contained no allegations regarding the exhaustion of administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or the Pennsylvania Human Relations Commission ("PHRC").

Amazon Fulfillment thereafter filed a Motion to Dismiss the Amended Complaint asserting numerous grounds for dismissal, including that the Amended Complaint (1) still failed to allege exhaustion of administrative remedies and (2) failed to state a claim. In response to this motion, Hickman asserted that he "suffered an adverse employment decision as a result of discrimination by my contacted employee, because being told to get away from another employee . . . ." App. at 38. He also claimed that he had a foot ulcer and that his boss displayed anger when asked about a training schedule.

On April 5, 2016, the District Court dismissed the Amended Complaint for failure to exhaust administrative remedies. App. at 3. The Court also denied leave to amend on the ground that amendment would be futile in light of Hickman's failure to amend despite multiple invitations (and specific instructions) from the Court to do so.[3] Id. Hickman now appeals.[4]

---

[2] Kennedy's name appeared in the caption of the Amended Complaint, but she did not sign it and was not referred to at all in it.

[3] The District Court separately dismissed Kennedy for failure to prosecute after she failed to respond to a show cause order. App. at 29. Kennedy has not appealed.

[4] We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's determination that Hickman's claims were unexhausted under a plenary standard of

3

II.

Hickman does not present a cogent legal argument to this Court concerning the reason his case was dismissed. Hickman's only reference to the matter is as follows: "Exhausted administrative remedies which I did not understand why, because Complaint does not allege sufficient fact that plaintiffs have exhausted all administrative remedies." Informal Br. at 3. It is well settled that if an appellant fails to comply with the requirements to set forth an issue raised on appeal and to present a cogent argument in support of it, "the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc., 931 F.2d 1002, 1011 (3d Cir. 1991)); Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from these requirements). Accordingly, despite our liberal construction of Hickman's informal brief, Haines v. Kerner, 404 U.S. 519, 520 (1972), we conclude that he has waived consideration of the District Court's legal analysis by not presenting any cogent argument in response on appeal.

Absent waiver, however, we would nonetheless affirm the District Court's analysis. The District Court correctly dismissed the Amended Complaint for Hickman's failure to exhaust his administrative remedies. A plaintiff bringing an employment

---

review. See, e.g., Anjelino v. N.Y. Times Co., 200 F.3d 73, 88 (3d Cir. 1999). We review the District Court's refusal to grant leave to amend a complaint due to futility for abuse of discretion. In re Adams Golf, Inc. Secs. Litig., 381 F.3d 267, 281 (3d Cir. 2004). In conducting our review, we liberally construe Hickman's pro se filings. See

4

discrimination suit under Title VII, the ADA, the Rehabilitation Act, or the PHRA must first exhaust administrative remedies prior to filing an action in federal court. See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (Title VII and PHRA); Churchill v. Star Enters., 183 F.3d 184, 190 (3d Cir. 1999) (ADA); Spence v. Straw, 54 F.3d 196, 201 (3d Cir. 1995) (Rehabilitation Act). Here, Hickman has never alleged that he exhausted administrative remedies with the EEOC or PHRC. Even after the District Judge dismissed the original Complaint without prejudice for failure to exhaust administrative remedies, Hickman failed to attach any documents to his Amended Complaint or plead any facts demonstrating exhaustion.[5] Put simply, prior to bringing claims for discrimination under the various acts, Hickman was required to file a claim with the EEOC and/or PHRC; there is not a single averment demonstrating that he did so (even now, on appeal). Accordingly, the Amended Complaint was properly dismissed.

Moreover, the District Court did not abuse its discretion in denying further leave to amend. Because Hickman made no attempt to remedy the defects in his complaints, despite notice by the District Court of the exhaustion requirements, granting him a further opportunity to amend his Amended Complaint would have been futile. See Grayson v.

---

Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

[5] The Amended Complaint does contain a reference that Hickman "responded to NAVEX. Global the conduct and ethics reporting program . . . My report number is KS-12-0204" and submitted complaints to his employer, Kelly. App. at 13. But as a private reporting program provided to Kelly employees, these internal reports are irrelevant for purposes of determining whether Hickman exhausted administrative remedies.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III.

For the foregoing reasons, we will affirm the District Court's judgment.